## BROWN v. THE STATE.

1. A trial judge can not express or intimate an opinion as to what has been proved; but the Civil Code, § 4334, does not prevent him from referring to the testimony, in deciding a point raised in the progress of the cause.
2. Unless in its nature manifestly prejudicial, or the assignment of error shows wherein it was harmful, the admission of irrelevant testimony will not be sufficient ground for the grant of a new trial.
3. The court having instructed the witness that she might answer the question or not, as she saw fit, it was not error to permit the State to prove by her that she was the defendant's paramour. Civil Code, § 5289.
4. Where one litigant offers in evidence an admission, in a conversation or document, of a fact disadvantageous to the other, he thereby makes admissible all such other parts of the conversation or document as may tend to explain or qualify the part first introduced in evidence.

5. But matters in such conversations or documents otherwise irrelevant, and wholly disconnected with the part first offered, are not thereby made admissible.

6. A careful examination of the record disclosing no error in the admission or exclusion of evidence ; and there being no assignment upon the court's charge or refusal to charge ; and the evidence being sufficient to sustain the verdict, which was approved by the trial judge, the judgment is affirmed.

Argued February 15, — Decided March 3, 1904.

Indictment for murder. Before Judge Evans. Jefferson superior court. December 26, 1903.

*James K. Hines* and *Cain & Hardeman*, for plaintiff in error.

*John C. Hart, attorney-general,* and *B. T. Rawlings, solicitor-general,* contra.

LAMAR, J. On December 24, 1902, in Jefferson county, E. L. O. Gay was first robbed, then murdered, and the storehouse in which his dead body lay was destroyed by fire. Ganus, Walker, Brown, and Timmons were jointly indicted for the murder. Walker was found guilty, and the judgment affirmed by this court. See *Walker* v. *State,* 118 *Ga.* 757. In that case it was ruled that whether Timmons was an accomplice or not was a matter to be determined by the jury. The evidence in the present case is substantially the same as that on the prosecution of Walker, and the new evidence is merely contradictory of that then offered by the State. Timmons testified that he knew nothing of any criminal design on the part of the other three when they went into the store and left him at the door. Indeed the evidence is silent as to whether any conspiracy had been formed between the three before they reached the store, or whether the sight of the money, and the opportunity for robbery gave birth to the design which was immediately consummated. But be that as it may, the testimony of Timmons was sufficient to establish that he was not an accomplice, and also to prove the commission of the offense charged. Timmons testified that Gay was hit with a hammer by Walker ; and there was evidence to determine whether after the fire the hammer was found under the place where it was ordinarily kept, or in a part of the burned building indicating that it had been moved from its usual position. The motion for a new trial recites that the defendant moved to rule out the testimony of I. J. Gay on this subject, as his knowledge was derived from what others told him. The court ruled that he would leave that

for the jury to determine, and immediately instructed them that "if they found that Mr. Gay's recollection was dependent on hearsay, they must not consider it; that he understood Gay to say that if he picked up the hammer it was lying between the counters, and if others picked it up they told him that it was lying between the counters." Thereupon the defendant moved for a mistrial, on the ground that the court had expressed an opinion on the evidence, which is forbidden by the Civil Code, § 4334, which motion the court overruled, saying at the time to the jury: "It was not the intention of the court to express any opinion as to what the testimony is." From reading the motion it is evident that the court neither expressed nor intimated any opinion as to what had been proved. In ruling on the motion to exclude, he merely stated what he understood the witness to state. The point is controlled by *Green* v. *State*, 43 *Ga.* 369 (4), where it was said that the court might "interrupt counsel misstating the evidence to the jury, and correct the statement of what was sworn to by the witnesses on the trial." "Will it be held in the progress of the case, where counsel differ as to what has been sworn, that the court may not correct error, by recalling the witness, if possible, or by stating, from his notes or his remembrance, what a witness swore ? . . . The intention of the law is to prevent the court from usurping the province of the jury, and alleging the fact to be proven which is controverted, but not to inhibit him from putting before the jury the truth of what a witness swore." Again, in *Reinhart* v. *Miller*, 22 *Ga.* 403 (10), it was held that a reference to the evidence given in the case, made by the presiding judge in deciding a point raised by counsel in the progress of the case, is not error.

An assignment of error must be complete in itself. It is claimed that the testimony of Gay as to hunting for money and finding a hole under the steps from which a box may have recently been taken was irrelevant. If so, it was also harmless so far as we can infer from this motion. It does not appear that he found anything, and at best the evidence was purely negative. *Travelers Ins. Co.* v. *Thornton,* 119 *Ga.* 455. If on its face manifestly prejudicial, or if the motion discloses in what way irrelevant testimony has been harmful, a new trial may be granted for its admission over objection. But mere irrelevancy is not suffi-

cient to upset a verdict. Such evidence cumbers the record, sheds no light, gives no assistance, and prima facie is calculated to do no harm. If it does, the motion should disclose how it worked such a result.

The state of a witness's feelings to a party may always be proved, for the consideration of the jury (Civil Code, § 5289); and it was not error for the court to permit the solicitor-general to ask one of the witnesses for the defendant if she was not his paramour; the court instructing her that she could answer the question or not as she saw fit.

The State introduced in evidence a letter written by the defendant, and, for the purpose of proving its execution, offered that portion of his testimony in the case of the State v. Walker in which he admitted having written it. Thereafter Brown offered all of his testimony given on the trial of Walker, and excepts to the court's refusal to admit the same. "The admission, in a conversation or document, by the defendant of a fact disadvantageous to himself will not be received without receiving at the same time all such other parts of such conversation or document, whether emanating from himself or from another, as may tend to explain or qualify the part first given. The whole relevant context is in such case to be left to the jury, who are to say whether the facts asserted by the defendant in his favor are true." Wharton's Cr. Ev. (9th ed.) § 688. "Only the relevant parts of the context are to be received." Ibid. The principle underlying this rule is that one can not offer that part of an entire conversation, letter, or record which is helpful to him, and prevent his opponent from using the modifying, qualifying, and explanatory context; but it has no application to those parts of a conversation which relate to a subject entirely different from that offered in the first instance. When, therefore, the State introduced Brown's admission that he had written a letter, it was estopped from objecting to everything else therein which the defendant said on that subject. But this did not make relevant and admissible all of the self-serving declarations as to alibi, and other independent statements wholly disconnected with the letter, its contents, or the circumstances under which it was written. Civil Code, § 5196.

On a careful examination of this record we find no error in the admission or exclusion of evidence. There is no assignment upon

the court's charge or refusal to charge. The evidence was sufficient to sustain the verdict. It was satisfactory to the trial judge ; and the judgment is

*Affirmed. All the Justices concur, except Simmons, C. J., absent.*