## LUNDY v. THE STATE.

LUMPKIN, J. 1. Evidence tending to show that a female witness, who had testified to threats made by the deceased against the man accused of murdering him, was the paramour of the accused, was not objectionable as irrelevant, or on the ground that it sought to put in issue the character of the witness without first laying the foundation for her impeachment. Civil Code (1910), § 5878; *Brown* v. *State*, 119 *Ga.* 572 (3), 575 (46 S. E. 833).

(a) This was not an effort to prove reputation, nor was the objection based on the hearsay rule. A witness testified that he knew the relationship between the witness and the accused, and to statements of the accused.

2. The admission of evidence that a female witness, who testified on behalf of the accused man, visited the jail quite often, and that the witness so testifying knew nothing of the intimacy of the two, if erroneous at all, was not sufficient to require a new trial.

3. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
MARCH 14, 1916.

Indictment for murder. Before Judge Freeman. Meriwether superior court. December 15, 1915.

*J. F. Hatchett* and *R. A. McCraw,* for plaintiff in error.

*Clifford Walker, attorney-general, J. R. Terrell, solicitor-general,* and *Mark Bolding,* contra.

---

## McKINNEY v. THE STATE.

ATKINSON, J. There being no complaint of any error of law committed at the trial, and the evidence being sufficient to authorize the verdict, the discretion of the trial judge in refusing a new trial will not be disturbed. *Judgment affirmed. All the Justices concur.*
MARCH 14, 1916.

Indictment for murder. Before Judge Worrill. Miller superior court. December 30, 1915.

*W. I. Geer,* for plaintiff in error.

*Clifford Walker, attorney-general, B. T. Castellow, solicitor-general, R. R. Arnold,* and *Mark Bolding,* contra.