24211. MARTIN v. THE STATE.

SUBMITTED SEPTEMBER 13, 1967—DECIDED OCTOBER 5, 1967.

*Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson, Amber W. Anderson, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams, Jr.,* for appellee.

GRICE, Justice. Convicted and sentenced for murder, Ulysses S. Martin, Jr., has appealed to this court. He was indicted by the grand jury of Fulton County and tried in the superior court of that county for the slaying of his wife, Ethel Mae Martin. The jury's verdict of guilty was without a recommendation of mercy, and he was therefore sentenced to be electrocuted.

His appeal complains of the denial of his motion for new trial, the refusal to permit his counsel to assist him while making an unsworn statement, the charge to the jury of a specified principle, and the failure to charge certain other principles.

■ The general grounds of the motion for new trial are clearly without merit. According to several witnesses for the State, the appellant, without any provocation whatever, inflicted successive stab wounds upon the victim, causing her death. The evidence was ample to sustain the verdict.

■ The other grounds of the motion relate to a portion of the closing argument to the jury by the State's counsel. Referring to the present Vietnam conflict, he compared the appellant with the Viet Cong, saying that the possibility of his some day returning to society would be a greater damage than the threat of world communism and the Viet Cong. Appellant's counsel objected to such argument, whereupon the judge stated to the jury that "the jury will remember the evidence." No motion for mistrial was made.

These grounds contend that the argument was improper and was made for the sole purpose of inflaming the minds of the jury and prejudicing them against the appellant; and also that the judge's statement to the jury was insufficient, in view of the evidence and the pending Vietnam conflict, and that he should have instructed the jury to disregard the remarks. However, from the uncontradicted evidence, it appeared that this was a

brutal slaying by a husband of a defenseless wife, accomplished by repeatedly stabbing her with a knife, with a four and one-half inch blade, while she was trying to crawl away. The language objected to was a permissible inference from the evidence and its logic was for the jury to determine. It did not introduce, by way of argument, facts not in the record. See in this connection, *Code* § 81-1009; *Milam v. State,* 108 Ga. 29, 31 (33 SE 818); *Taylor v. State,* 121 Ga. 348, 354 (49 SE 303); *Patterson v. State,* 124 Ga. 408, 409 (52 SE 534).

■ The appellant urges that the court abused its discretion in refusing to permit his counsel to assist him in making an unsworn statement to the jury by calling matters to his attention and refreshing his memory if he forgot anything. In requesting such permission, his counsel stated to the court that appellant was not in a condition to make a statement of his own. Upon refusal of the court, the appellant testified as a witness under oath. He contends that the record amply shows his mental condition and his need for his counsel's assistance while making a statement. On the other hand, there was sufficient showing, including the examination of appellant while a witness, of his ability to make an unsworn statement without assistance of his counsel. This court in *Williams v. State,* 220 Ga. 766, 769 (141 SE2d 436), reaffirmed the rule, long of force in this state, that an accused's counsel "has no right to ask him questions while he is making his statement. The trial judge, however, in his discretion, can permit his counsel to ask him questions or make suggestions to him relating to his statement, while he is making it or when he has concluded it. . ." Here, there was no abuse of discretion. See also, *Jarrard v. State,* 206 Ga. 112 (7) (55 SE2d 706).

■ Also claimed as error is the judge's failure to charge the jury, without request, that the indictment was not evidence and should not be considered as evidence. The appellant calls attention to the indictment's recital of "True Bill," with the date and the name of the grand jury foreman, and to the fact that it was with the jury during its deliberations. As to this, the judge's charge, at its very inception, instructed that the indictment charged and accused the appellant with the murder of the named

victim, that to such indictment the appellant had entered his plea of not guilty, thus forming the issue they were to try. While this court has not decided the exact question made here, the Court of Appeals has done so. In *Jones v. State,* 88 Ga. App. 330 (76 SE2d 810), that court, in connection with a charge similar in essential respects to the one in the case at bar, held that "It did not constitute reversible error for the court, in a criminal case, to fail to instruct the jury that the indictment is not evidence in the case. . ." We approve that holding, and find no fault with this feature of the charge. See also, *Corbin v. State,* 212 Ga. 231 (6) (91 SE2d 764).

■ Appellant also contends that the charge on presumption of innocence was insufficient and was confusing to the jury. It is urged that the charge "intermingles" the principle of presumption of innocence with the rule of reasonable doubt and part of the rule of circumstantial evidence. Just how or in what manner this occurs is not set forth. The portion of the charge thus objected to is as follows: "He is presumed by law to be innocent, and the presumption of innocence remains with him until his guilt is established by evidence beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, save that of the guilt of the accused. The burden is upon the State to do this. If the State succeeds in doing so, you would be authorized to find the defendant guilty; and if not, you would be authorized to find the defendant not guilty." We find no error in this portion of the charge.

■ He also insists that the court erred in failing to charge, without request, the defense of insanity at the time of commission of the offense. However, there was no evidence to require a charge on insanity. Testimony to the effect that the "click" of the door lock "appeared to be the only thing that triggered [appellant] to go into action," that he acted like a "mad man," and that he had suffered from bad headaches, do not require a charge on insanity. None of such testimony comports with the test for criminal responsibility in this state, to wit: "If a man has reason sufficient to distinguish between right and wrong in relation to a particular act about to be committed, he is crimi-

nally responsible." *Roberts v. State,* 3 Ga. 310 (3), and like decisions. This contention cannot be sustained.

■ Finally, he avers that the court erred in failing to charge the jury on the "law of admissions." No request therefor was made. Just what phase of the law with reference to admissions should have been charged is not stated in the enumerations of error or at any other place in the record. This enumeration is too vague and indefinite and presents nothing for review. Furthermore, by not referring to this enumeration of error in any way in his brief or in oral argument, appellant is deemed to have abandoned and waived this contention.

We find that no errors were committed, and hence the judgment is

*Affirmed. All the Justices concur.*