## 56075. CLARK v. THE STATE.

SMITH, Judge.

The appellant was convicted for possession of cocaine and heroin. On appeal he contends that an insufficiency of evidence should have resulted in a directed verdict of acquittal, and that admission of prejudicial evidence and argument should have resulted in a mistrial. We find no error, and affirm.

1. Police officers, entering a room to execute an arrest warrant, observed the appellant and two other men sitting around a low table. On the table were numerous drugs—including heroin and cocaine—worth up to $20,000 on street markets; also present was a variety of drug measuring, weighing, cutting, and packing devices. The appellant was positioned no more than a few inches from the drugs. This evidence authorized a conclusion that the appellant was, at least, in constructive possession of illegal drugs. *Lee v. State,* 126 Ga. App. 38 (189 SE2d 872) (1972); *Brown v. State,* 130 Ga. App. 11, 13 (202 SE2d 268) (1973).

2. The admission into evidence of a marijuana cigarette found on the appellant's person at the time of his arrest was not objected to as prejudicial; we will not, therefore, consider that argument on appeal.

3. During closing argument, the district attorney referred to the appellant as "this liar." Objection to the comment was sustained, and the appellant's attorney then asked for a mistrial. "The prosecution is permitted to draw deductions from the evidence and these deductions may be illogical, unreasonable or even absurd so long as there is evidence from which such deductions can be made." *Abner v. State,* 139 Ga. App. 600, 602 (229 SE2d

83) (1976). The appellant, on cross examination, strongly contradicted some of his direct examination testimony. From these contradictions a deduction that he was a "liar" may or may not have been logical or reasonable, but it was certainly authorized by the evidence. No mistrial was required.

Other statements during closing are also addressed in this enumeration. However, as to each of them the appellant's attorney objected, the objection was sustained, and no motion for mistrial followed. We need not decide whether the statements would have required a mistrial, for the failure to grant a mistrial without a timely motion therefor is not error. *Purcell v. Hill,* 220 Ga. 663 (141 SE2d 152) (1965); *Pritchard v. State,* 225 Ga. 690 (171 SE2d 130) (1969).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED JULY 13, 1978.

*William L. Auld,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.