73299. FEBLEZ v. THE STATE.
(353 SE2d 64)

McMURRAY, Presiding Judge.

The defendant was found guilty of driving without a license, speeding, driving under the influence and violation of the Georgia Controlled Substances Act (trafficking in cocaine). After the denial of his motion for new trial, the defendant filed this appeal and enumerates error as to his conviction of violation of the Georgia Controlled Substances Act (trafficking in cocaine). *Held*:

1. In his first enumeration of error the defendant argues that the evidence was not sufficient to support his conviction for trafficking in cocaine. The evidence presented at trial, construed most favorably to support the verdict, was as follows: On October 8, 1985, at approximately 9:45 p.m., Trooper Henry A. Parks of the Georgia State Patrol arrested the defendant on Interstate Highway 75 in Catoosa County, Georgia for driving under the influence of alcohol following a high speed chase in which the defendant forced three vehicles off the road. Prior to the chase, Trooper Parks observed the defendant weaving in the road and veering into the grass in the median. After apprehension, the defendant neither had a driver's license nor any other form of identification. An inventory search of the trunk of the vehicle which the defendant was driving revealed several clear plastic bags containing a substance which was identified as 123.3 grams of powder containing seventy percent pure cocaine. The estimated street value of the cocaine was $20,000. The defendant testified that he had no idea the cocaine was in the trunk and that prior to and after his ar-

rest others had access to the vehicle and could have placed the contraband in the trunk. (The cocaine was found under a suitcase which the defendant had recently placed in the trunk.) From this evidence, the defendant relies on the "equal access" rule arguing that the evidence was not sufficient to show that he had constructive possession of the cocaine. See *Castillo v. State*, 166 Ga. App. 817, 821 (2) (305 SE2d 629). We do not agree.

Other competent evidence adduced at trial was sufficient to show the defendant's constructive possession of the cocaine. See *Robinson v. State*, 175 Ga. App. 769, 770 (1), 771 (334 SE2d 358). The cocaine was found in plain view in the trunk of a vehicle in which the defendant had exclusive control and the cocaine was found under a suitcase which the defendant had recently placed in the trunk. From this and other evidence adduced at trial the jury was authorized in concluding that the defendant was in constructive possession of the cocaine and was guilty beyond a reasonable doubt of the offense of trafficking in cocaine. *Robinson v. State*, 175 Ga. App. 769, 770 (1), 771, supra; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Next, the defendant contends that the trial court erred in charging the jury on equal access. In this regard, the trial court instructed the jury as follows: "[W]here one owns or is in control of premises, an inference exists that he is in possession of the entire premises and all of the property thereon or therein. However, this is a rebuttable inference, and may be overcome by proof that others had access to the premises. Whether or not this inference is overcome is a question for the jury alone, and I further charge you in that connection, that if you find that the automobile or premises were used by others, with the defendant, such evidence alone would not authorize a conviction, but such a fact, if it is a fact, may and should be considered by the jury together with all of the evidence in the case, and in passing upon the guilt or innocence of the defendant." More specifically, the portion of the charge complained of is as follows: "[I]f you find that the automobile or premises were used by others, *with the defendant*, such evidence alone would not authorize a conviction . . ." (Emphasis supplied.) From this language, the defendant argues that the jury would understand that they were to apply the charge only where there was evidence of joint use of the vehicle by others in direct cooperation and association with the defendant. We do not agree. " '[I]t is not necessary in considering a charge to assume a possible adverse construction, for a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required.' *Rowles v. State*, 143 Ga. App. 553, 557 (3) (239 SE2d 164) (1977)." *Murdix v. State*, 250 Ga. 272, 275 (2) (297 SE2d 265). All that is required is that the charge be substantially correct, not mathematically accurate. *Tuggle v. State*, 165 Ga. App. 53, 54 (1)

(299 SE2d 121). In the case sub judice, we find the charge as a whole was sufficient to convey the intended meaning to the jury. See *Gee v. State*, 121 Ga. App. 41, 42 (1) (172 SE2d 480), for application of the "equal access" rule.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*Renzo S. Wiggins*, for appellant.

*David L. Lomenick, Jr.*, District Attorney, *Amy Elizabeth Abernathy*, Assistant District Attorney, for appellee.