## 76324. WOODS v. THE STATE.
### (369 SE2d 353)

CARLEY, Judge.

Appellant was indicted on charges of child molestation and aggravated child molestation. The jury returned a guilty verdict on each count. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. Appellant sought to present evidence of the victim's prior sexual acts, urging that such evidence supported his defense that it was the victim who had been the sexual aggressor. The trial court refused to admit the evidence, basing its ruling, in part, upon the finding that our "Rape Shield" statute is applicable in cases involving child molestation, as well as in those involving rape. This evidentiary ruling forms the basis for several of appellant's enumerations of error.

Any consideration as to the applicability of the "Rape Shield" statute in child molestation cases is pretermitted because the evidence was inadmissible and properly excluded on another basis. "[I]n a child molestation case evidence as to the victim's reputation for nonchastity is not admissible. [Cit.] Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex. [Cits.]" *Vargas v. State*, 184 Ga. App. 650 (1) (362 SE2d 461) (1987). See also *Chastain v. State*, 180 Ga. App. 312, 312-313 (2) (349 SE2d 6) (1986), aff'd 257 Ga. 54 (354 SE2d 421) (1987). Whether it was appellant or the victim who had been the sexual aggressor was irrelevant. What was relevant was whether appellant had engaged in acts of molestation upon the child with the requisite intent. Accordingly, the evidence as to the victim's prior sexual acts was properly excluded.

2. When he was refused the opportunity to present evidence of the victim's prior sexual activities, appellant moved for a mistrial. The denial of this motion is enumerated as error. As we have held in Division 1, however, the trial court did not err in excluding the evidence. Since the evidence was properly excluded, the trial court clearly did not err in denying the motion for mistrial.

3. The trial court's denial of appellant's motion for directed verdict as to the aggravated child molestation count is enumerated as error. Although the indictment alleged that the offense had occurred on a particular date, the trial court admitted evidence of the occurrence of acts on other dates. For this reason, appellant urges that he was entitled to a directed verdict as to the aggravated child molestation count of the indictment. However, this enumeration is controlled adversely to appellant by our holding in *Whittington v. State*, 184 Ga. App. 282, 285 (4) (361 SE2d 211) (1987). See also *Frymyer v. State*, 179 Ga. App. 391, 392 (2) (346 SE2d 573) (1986); *McCoy v. State*, 174 Ga. App. 621, 622 (2) (330 SE2d 746) (1985).

4. The trial court's failure to give a charge which appellant had

requested is enumerated as error. The refused request related to the "two theories" of circumstantial evidence. It is clear, however, that such a "two theories" charge "is appropriate only when *all* of the evidence is circumstantial. [Cit.]" (Emphasis in original.) *General v. State*, 256 Ga. 393, 394 (3) (349 SE2d 701) (1986). In this case, there was direct testimony offered by the victim and, accordingly, not all of the evidence was circumstantial. It follows that there was no error in refusing to give the requested charge.

5. The trial court's failure to give appellant's requested charge on alibi is enumerated as error. "While the [trial] court did not give the requested instruction in the exact language proposed by appellant, the trial court did, in fact, charge the jury on the defense of [alibi]. The failure to give a requested charge in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. [Cit.] Since the same principle as that requested was covered in the court's charge, no error occurred by refusing appellant's requested charge." *Caldwell v. State*, 167 Ga. App. 692, 695 (6) (307 SE2d 511) (1983).

6. Pursuant to the jury's request for further instruction, the trial court gave a recharge on a particular point of law. This recharge is enumerated as error.

"It is within the trial court's discretion to recharge the jury fully or only on the point or points requested. [Cits.] A jury instruction on only a specific point is not error unless the 'instruction taken alone might leave an erroneous impression in the minds of the jury.' [Cit.] No erroneous impression could have been left in the jurors' minds as a result of the recharge." *Moore v. State*, 179 Ga. App. 125 (1) (345 SE2d 631) (1986).

7. Appellant enumerates the general grounds. After a review of the entire record, we find that, based upon the evidence produced at trial, a rational trier of fact could reasonably have found appellant guilty, beyond a reasonable doubt, of the crimes of child molestation and aggravated child molestation. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

8. During the sentencing phase, the trial court considered a prior conviction of appellant. Appellant enumerates such consideration as error, urging that, because he had received "First Offender" treatment for the earlier incident, it could not be used as evidence of aggravation in the determination of his sentence for this conviction. See OCGA § 42-8-60 et seq. Review of the record reveals, however, that the "First Offender" statute was not in effect at the time of appellant's prior conviction. Inasmuch as appellant's first criminal proceeding was not handled under the "First Offender" statute, he is not eligible to claim the benefits which inure to those who are afforded treatment thereunder. Accordingly, the trial court did not err in con-

sidering appellant's prior conviction in the sentencing phase of this trial.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1988.

*Ivan H. Nathan*, for appellant.
*Glenn Thomas, Jr., District Attorney, Robert L. Crowe, Assistant District Attorney*, for appellee.