### 77266. HARRIS v. THE STATE.
(374 SE2d 565)

DEEN, Presiding Judge.

Appellant Harris was convicted of child molestation and sentenced to ten years' confinement and ten years' probation. After denial of his motion for new trial, he appealed to this court, enumerating as error the general grounds; the trial court's instructing the jury that in a child molestation case the uncorroborated testimony of the victim is alone sufficient to sustain a conviction; and the trial court's granting of the State's motion *in limine* that the defense not be permitted to introduce evidence that the child had access to, and sometimes watched, the Playboy Channel on television. *Held*:

1. We find the enumeration of the general grounds to be without merit. Examination of the trial transcript, together with the remainder of the record, reveals more than sufficient evidence to authorize the rational trier of fact to find appellant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We note in particular that the court below expressly ruled the six-year-old victim competent to testify, and that her detailed but uncorroborated testimony was sufficient alone to sustain the conviction. OCGA § 16-6-4; *Padgett v. State*, 175 Ga. App. 818 (334 SE2d 883) (1985). It is the prerogative of the court to determine the competency of a witness. OCGA § 24-9-7; *Smallwood v. State*, 165 Ga. App. 473 (301 SE2d 670) (1983). We find no error of law or insufficiency of evidence in the proceedings below.

2. In view of our holding in Division 1, supra, we find the challenged jury instruction to be a correct statement of relevant law. *Padgett v. State*, supra. This enumeration, too, is without merit.

3. The State's motion *in limine* was properly granted, and the proffered evidence properly excluded, because it was legally irrelevant. "The past sexual experience of a child in a case such as this is irrelevant to the issue of whether molestation was committed by the

defendant on trial. [Cit.]" *Chastain v. State*, 180 Ga. App. 312 (349 SE2d 6) (1986). "In a child molestation case evidence as to the victim's reputation for nonchastity is not admissible. [Cit.] Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex. [Cits.]" *Vargas v. State*, 184 Ga. App. 650 (362 SE2d 461) (1987); accord *Woods v. State*, 187 Ga. App. 105 (369 SE2d 353) (1988).

Furthermore, even if *arguendo* the exclusion of the evidence were error, it was harmless because it was cumulative of other evidence admitted at trial. As the transcript clearly reveals, competent evidence was adduced showing that the Playboy Channel was available in the victim's home and that there existed a distinct possibility that the child might have watched (and presumably received sexual information or stimulation from) that channel when no adults were aware of what she was doing. In light of this evidence appellant could not have been harmed by the court's exclusion of what would have been redundant evidence. In order to warrant reversal of the judgment, an error must be harmful. *Dill v. State*, 222 Ga. 793 (152 SE2d 741) (1966). Moreover, in view of the other evidence brought out at trial, we find it highly probable that the alleged error did not contribute to the conviction. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). This enumeration is devoid of merit.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED OCTOBER 27, 1988.

*Wallace C. Clayton*, for appellant.

*Thomas J. Charron, District Attorney, Fonda Clay, Debra Bernes, Nancy Jordan, Assistant District Attorneys*, for appellee.