A90A0706. HALL v. THE STATE.
(396 SE2d 271)

SOGNIER, Judge.

Claude R. Hall was convicted of child molestation, and he appeals.

The evidence adduced at trial established that the victim, S. F., who was five years old at the time of the alleged abuse and six years old at trial, was visiting the home of her aunt, Sharon Thomas. Present in the house were her aunt, grandmother, great uncle, and appellant, a family friend. The testimony was in conflict as to the presence that day of the victim's uncle, Willie Thomas, and another relative. After the trial court ruled that S. F. was competent to testify, she testified that when she was in the kitchen, appellant came into the room and hurt her by touching her between her legs inside her underpants. Testimony revealed that the victim said nothing about this incident until five days later, when her foster mother, Gladys Joyner, was bathing her. At that time, S. F. told Joyner that she was sore and that appellant had "put his finger in her." Joyner notified Polly Perry, a social worker at the Macon County DFCS, who testified that she interviewed S. F. at school and, when S. F. confirmed the allegation, immediately made appointments for the victim with Dr. Michael McDonald, a pediatrician, and Dr. Randy Ryals, a clinical psycholo-

gist.

McDonald testified that he examined S. F. the afternoon he was contacted by Perry, and found evidence of both an old trauma to the hymenal ring and a fresh abrasion on the labia minora which was not more than two weeks old and was consistent with finger manipulation.

Ryals testified that he had seen S. F. several times, that she was of low average intelligence, that she was depressed and hostile toward adults, and that her behavior was consistent with the pattern of behavior known as child sexual abuse accommodation syndrome, which he described and explained.

Appellant testified in his own behalf and denied that he was ever alone with S. F. or touched or molested her. S. F.'s aunt and grandmother testified that on the day in question, during his visit to the Thomas home appellant never left the living room. They also testified that S. F. had a habit of making up stories or telling lies.

1. Although the evidence was in conflict and depends largely on the credibility of the six-year-old victim, the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to support that verdict. *Harris v. State*, 188 Ga. App. 795 (374 SE2d 565) (1988). We find that the evidence presented was sufficient to authorize the jury to find appellant guilty of child molestation under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Harris*, supra.

2. The State and appellant both moved the court in limine to exclude certain evidence. The State sought to prevent appellant from introducing evidence of a prior unrelated sexual molestation of S. F. by an adult family member and the report of another "touching" incident involving S. F. and a neighbor child. Appellant sought to prohibit the State from introducing evidence of the child sexual abuse accommodation syndrome. The trial court granted the State's motion but denied that of appellant. As a result of those rulings, expert evidence was introduced detailing the components of the child sexual abuse accommodation syndrome, and other State witnesses described behavior they observed in S. F., including withdrawal, bedwetting, nightmares, and hostility to adults, which are consistent with the syndrome. No evidence was introduced regarding the prior molestations. Appellant enumerates as error both the grant of the State's motion in limine and the denial of his own, and because we find these enumerations to be interrelated, we address them together.

In its order denying appellant's motion for a new trial, the trial court found that it had erred by denying appellant's motion in limine as to evidence of the child sexual abuse accommodation syndrome,

but that its error was harmless in light of the testimony at trial. We disagree, and find that the trial court's original denial of appellant's motion was correct. In *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987), expert testimony regarding the "lineaments of the child [sexual] abuse [accommodation] syndrome, as well as testimony that this child exhibited several symptoms that are consistent with the syndrome," id. at 853 (6), was held to be admissible, because "[l]aymen would not understand this syndrome without expert testimony." Id. at 852 (2). We see no distinction between the facts in the case sub judice and those in *Allison* which would necessitate the exclusion of evidence regarding the syndrome. Accordingly, we find that the trial court did not err by denying appellant's motion in limine.

As to the State's motion, this court has held that evidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex. See *Woods v. State*, 187 Ga. App. 105 (1) (369 SE2d 353) (1988). In the case sub judice, however, appellant did not seek to introduce the evidence of prior molestations for either of those purposes, but rather to establish other possible causes for the behavioral symptoms exhibited by the child, which were described as typical of child sexual abuse accommodation syndrome, and to explain the medical testimony regarding her injuries. " 'The fact that evidence may be inadmissible for one purpose does not warrant its exclusion when it is relevant and admissible for another purpose.' " *Pugh v. State*, 191 Ga. App. 394, 396 (382 SE2d 143) (1989). We find the evidence in question here was admissible for the purpose intended by appellant, and its exclusion was error. Testimony regarding the syndrome and all the child's symptoms and injuries having been properly admitted, the evidence regarding other possible causes of her behavior and injuries was necessary to prevent the jury from reaching the unwarranted conclusion that the only possible explanation for the medical findings and the existence of behavior consistent with the child sexual abuse accommodation syndrome was that the victim had been molested by appellant. Moreover, a jury's awareness that the victim had been molested previously could affect its judgment of the victim's credibility, as the credibility of a young child's report of an improper touching must necessarily be greater if the child has had no occasion to learn about such behavior from prior incidents.

In light of the major conflicts in the testimony, and the fact that the evidence supporting the jury's conviction of appellant was not overwhelming, but was largely dependent on the testimony of the victim (and that of others as to what she told them), the exclusion of this evidence was not harmless, as we cannot say that it is " 'highly probable that the error did not contribute to the judgment.' " *John-*

*son v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accordingly, appellant must be afforded a new trial.

3. We address appellant's remaining enumerations for guidance upon retrial. We find no merit in appellant's contention that evidence regarding the child sexual abuse accommodation syndrome may be used by the State only in rebuttal, after a defendant has placed his character in issue. Evidence regarding this syndrome differs from that of "battering parent syndrome," referred to in *Sanders v. State*, 251 Ga. 70, 73-77 (3) (303 SE2d 13) (1983), because the evidence regarding child sexual abuse accommodation syndrome admitted here addresses the behavior of the *victim* rather than the accused. Consequently, such evidence does not place the character of the defendant in issue, and thus its admission is not limited to rebuttal of character evidence previously introduced by the defendant. Compare *Sanders*, supra at 76 ("battering parent syndrome" held to place accused's character in issue); *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981) (evidence of "battered wife syndrome" held to place defendant's character in issue). Accordingly, the trial court did not err by permitting the State to introduce evidence regarding the syndrome during its case in chief. See *Keri v. State,* 179 Ga. App. 664, 665 (1) (347 SE2d 236) (1986).

4. OCGA § 24-3-16 provides that "[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." Appellant contends that although S. F. was available to testify, she did not meet the competency requirements of OCGA § 24-9-5, and therefore there existed insufficient "indicia of reliability" to permit others to testify as to her statements to them.

We note initially that appellant has not enumerated as error the trial court's ruling that S. F. was a competent witness, and accordingly he may not expand this enumeration to cover that point. See generally *Bowen v. State*, 191 Ga. App. 760 (382 SE2d 694) (1989). Although consideration of this point therefore would normally be precluded, we address appellant's argument because the issue may recur at trial.

The transcript shows that upon examination by the trial court, S. F. could not define exactly what truth or a lie was, but testified she knew it was bad to tell a lie, that if she told a lie she would go to jail, and that she was going to tell the truth about what really happened. The trial court found her a competent witness pursuant to OCGA § 24-9-5. We do not find that ruling an abuse of its discretion in doing so, and find that her own competency as a witness combined with the

circumstances under which she made her statements to others provide sufficient indicia of reliability to permit their admission into evidence pursuant to OCGA § 24-3-16.

5. We find no support in the record for appellant's contention that the State impermissibly placed his character in issue when the prosecutor asked defense witness Johnny Bateman whether appellant ever visited the Thomas home when Mr. Thomas was not at home.

6. We cannot agree with appellant's contention that the trial court erred by allowing the State to impeach two defense witnesses by introducing into evidence certified copies of their felony convictions for possession of marijuana. Appellant maintains admission of this evidence was error because the offenses for which they were convicted bear no relationship to the issue of truth. In Georgia, a witness may be impeached by proof that he or she has been convicted of a crime of moral turpitude, see *Beach v. State*, 138 Ga. 265 (1) (75 SE 139) (1912), and "any crime designated as a felony and punishable by imprisonment [constitutes] a crime involving moral turpitude within the meaning of the law." *Lewis v. State*, 243 Ga. 443, 445 (254 SE2d 830) (1979).

7. Contrary to appellant's contention, there *was* evidence before the jury supporting the prosecutor's remarks in closing argument that the victim was told by her aunt and grandmother not to report the alleged molestation. Although in their testimony the victim and her relatives denied this, Perry testified without objection from appellant that S. F. told her that her grandmother and aunt had cautioned her not to disclose the alleged molestation to others or she would not be allowed to visit with them. Perry's testimony regarding the victim's prior inconsistent statement to her had probative value under *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Accordingly, since there was evidence from which the prosecutor could conclude that the remarks had been made by the victim's relatives, we find no error in the trial court's failure to rebuke the prosecutor or instruct the jury to disregard these remarks. See generally *Clark v. State*, 146 Ga. App. 697 (3) (247 SE2d 221) (1978).

8. While the record does not indicate the prosecutor *compared* appellant to certain notorious criminals, as he contends, the transcript does show that the names of well known criminals were mentioned by the prosecutor in her closing argument to illustrate by example her point that looks may be deceptive, and one may not judge the guilt or innocence of one accused of serious crime by his outward physical appearance. Although it may be better practice to omit such references, our courts have found no error in similar illustrations. See, e.g., *Martin v. State*, 223 Ga. 649, 650-651 (2) (157 SE2d 458) (1967); *Jordan v. State*, 172 Ga. App. 496, 497-498 (2) (323 SE2d 657) (1984).

9. We find no merit in appellant's contention that the trial court

failed to give a complete charge on the impeachment of witnesses. The jury was charged at length on the credibility of witnesses and was instructed that it was solely within their province to determine which witnesses to believe or not believe, and which testimony to credit. They were also instructed fully on the impeachment of witnesses by proof of conviction of a crime of moral turpitude, and both charges were sufficiently clear to be understood by jurors of ordinary capacity. See generally *Feblez v. State*, 181 Ga. App. 567, 568-569 (2) (353 SE2d 64) (1987).

*Judgment reversed and case remanded. Carley, C. J., Banke, P. J., Birdsong, Pope and Cooper, JJ., concur. Deen, P. J., McMurray, P. J., and Beasley, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I must respectfully dissent from the holding of the majority that there must be a retrial of the case sub judice.

In his second enumeration of error, appellant contends the trial court "erred in granting the State's Motion in Limine preventing the Appellant from eliciting testimony from Polly Perry [Social Service Specialist One with the Macon County Family & Children's Services] concerning a neighbor's child sexually molesting S. F. [the victim], from eliciting testimony from Randy Ryals [Director of Counseling Associates, an affiliate of the Bradley Center, a private psychiatric hospital] about the effect of prior sexual molestation of S. F., in regards to the Child Abuse Accommodation Syndrome and eliciting testimony from Dr. McDonald [an osteopath in private practice] as to the effects of the prior sexual molestation of S. F. in regards to his medical findings, Child Abuse Accommodation Syndrome, and inconsistent statements made by S. F. to him and the failure of the Trial Court to grant a new trial on these grounds."

In its reversal of the trial court, the majority reasons that "appellant did not seek to introduce the evidence of prior molestations for either of those purposes [victim's reputation for nonchastity or her preoccupation with sex], but rather to establish other possible causes for the behavioral symptoms exhibited by the child, which were described as typical of child sexual abuse accommodation syndrome, and to explain the medical testimony regarding her injuries. . . . [T]he evidence regarding other possible causes of her behavior and injuries was necessary to prevent the jury from reaching the unwarranted conclusion that the only possible explanation for the medical findings and the existence of behavior consistent with the child sexual abuse accommodation syndrome was that the victim had been molested by appellant. Moreover, a jury's awareness that the victim had been molested previously could affect its judgment of the victim's credibility, as the credibility of a five-year-old child's report of an im-

proper touching must necessarily be greater if the child has had no occasion to learn about such behavior from prior incidents."

In *Decker v. State*, 139 Ga. App. 707 (2), 708 (229 SE2d 520) (1976), (a child molestation case), this Court held that "[i]nquiry into the prosecutrix' past sexual experiences are irrelevant to whether or not she was molested by this defendant."

In my view, the majority, by its holding, will permit the introduction of evidence of the victim's prior molestation by an indirect method, when this same evidence is prohibited from introduction by a direct method.

I would affirm the trial court.

I am authorized to state that Presiding Judge Deen joins in this dissent.

BEASLEY, Judge, dissenting.

I respectfully dissent because in this case, while the evidence may have been marginally relevant, its absence could not have made a difference.

The earlier molestation by an adult had occurred about two years previously. The doctor who physically examined the victim testified that a child age 3-½ (the age of the child at the time of the earlier adult molestation) would not have a vivid memory of abuse. While it could have exacerbated or contributed to some of the syndrome manifestations such as withdrawal, bedwetting, nightmares, and hostility to adults, defendant elicited from the examining expert that knowledge of the earlier incident would not have changed his medical testimony. He had testified that the child had a large fresh abrasion brought on by trauma occurring within the past week and was still red, sore-looking, very tender to the touch, and in the process of healing. He also testified that the abrasion was consistent with finger manipulation or fondling of the genitalia area, and that disruption of the hymen ring was old and not consistent with the incident for which defendant was on trial. Evidence of the earlier incident, to which a family member pled guilty, could not have affected the evidence of recent trauma.

As to the "touching" incident by a neighbor's child five or six months previously, it is even more remote from the purpose for which defendant sought admission. Defendant's proffered evidence was the testimony of the social services worker who conducted an interview of the child about 5 months before the incident on trial. The child said that one of the girls next door rubbed between her legs when they were playing. She indicated no fear of this girl and it appeared to the worker that the children had been "playing doctors."

I am authorized to state that Presiding Judge Deen joins in this dissent.

Decided July 3, 1990 —
Rehearing denied July 25, 1990 — Cert. applied for.

*Chew & Lamberth, Walter S. Chew, Jr.,* for appellant.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney,* for appellee.