## A90A0592. STANCIL v. THE STATE.
(396 SE2d 299)

BEASLEY, Judge.

Defendant appeals his convictions for two counts of aggravated sodomy, OCGA § 16-6-2 (a), and two counts of child molestation, OCGA § 16-6-4 (a), for acts involving his daughters, aged 7 and 9.

1. Defendant first contends it was error for the court to refuse to allow the introduction into evidence of the entire statement he gave to the police. In portions deemed relevant by the court and introduced by the State, defendant related that the children, who lived with him at the time, would yank his towel off after he showered and that he awoke numerous times to find them in bed with him, attempting to caress his penis.

Defendant sought to introduce portions containing statements made to him by the children implicating his ex-wife's boyfriend as a molester of the children.

When the court ruled that these portions were not relevant, defendant objected on the basis of OCGA § 24-3-38, that if the State introduced portions, "we're entitled to have the whole statement heard before the jury. . . ."

Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than accused, is inadmissible. *Chastain v. State*, 180 Ga. App. 312 (2) (349 SE2d 6) (1986), aff'd 257 Ga. 54, 55 (354 SE2d 421) (1987). Compare *Hall v. State*, 196 Ga. App. 523 (__ SE2d __) (1990). This is true whether the evidence is contained in defendant's admission or otherwise. In this instance it had the added disability of being based on hearsay.

2. Defendant also raises the general grounds. The evidence is sufficient beyond a reasonable doubt to enable a rational trier of fact to convict defendant on each count. *Chastain*, supra; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I concur in the majority opinion but I write to distinguish *Hall v.*

*State*, 196 Ga. App. 523 (___ SE2d ___) (1990) from the present case. In *Hall*, this court held that the defendant was entitled to introduce evidence of prior molestations of the child, not to show the victim's reputation for nonchastity or her preoccupation with sex, but rather to show other possible causes of behavior by the victim that was ascribed to the "child sexual abuse accommodation syndrome." In the present case, the hearsay sought to be admitted was not proffered for the limited purpose allowed by *Hall*. The hearsay evidence at issue clearly falls within the general rule set out by the majority that evidence of a child's past sexual history, including acts committed by people other than the accused, is irrelevant and inadmissible. Invoking OCGA § 24-3-38 does not avail defendant, because only the remaining parts of an admission or conversation used by the State that are *relevant* are admissible. *Brown v. State*, 119 Ga. 572 (5) (46 SE 833) (1904).

DECIDED JULY 12, 1990.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison*, District Attorney, *Jeffrey G. Morrow*, Assistant District Attorney, for appellee.