## A95A2234. TIDWELL v. THE STATE.
(464 SE2d 834)

SMITH, Judge.

Thomas Tidwell was convicted of two counts of child molestation involving the same victim. He appeals his conviction enumerating 13 errors. For the reasons that follow, we affirm.

On December 16, 1992, school authorities notified the Department of Family & Children Services ("DFCS") about a possible child abuse case involving the victim, B. C. B. C., a ten-year-old girl, was not initially cooperative with State officials but later that same day confided to her mother details of sexual abuse involving Tidwell. The next day, she accompanied her mother to the sheriff's department and told several law enforcement officials what Tidwell had allegedly done.

At trial, the State presented evidence of two similar transactions: Tidwell's prior sodomy conviction involving a male victim and an uncharged child molestation incident involving another female child. The jury heard the testimony of 14 witnesses including Tidwell and his girl friend. No physical evidence was offered to support the claims; the victim never went to a hospital for a medical examination.

1. Tidwell contends the trial court erred by not declaring Georgia's Child Hearsay Statute, OCGA § 24-3-16, unconstitutional on its

face because the statute denies the right of confrontation.[1] He also contends the Child Hearsay Statute is unconstitutional as applied in this case because the court permitted child hearsay testimony without properly finding sufficient indicia of reliability regarding the victim's out-of-court statements.

(a) Because the Georgia Supreme Court has repeatedly upheld the facial constitutionality of this statute, we find this argument without merit. *Allen v. State*, 263 Ga. 60 (2) (428 SE2d 73) (1993); *Reynolds v. State*, 257 Ga. 725, 726 (3) (363 SE2d 249) (1988); *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).

(b) Tidwell premises his second constitutionality attack on his conclusion that the trial court failed to examine fully the reliability of the child's declarations during the pretrial hearing and the trial. Tidwell argues the trial court improperly admitted child hearsay testimony because it failed to examine the declarations in terms of the factors listed in *Gregg v. State*, 201 Ga. App. 238, 240 (411 SE2d 65) (1991).[2] Here, our examination of the record and transcripts indicates the court properly determined there were sufficient indicia of reliability, as required by OCGA § 24-3-16, of the victim's out-of-court statements. Tidwell has not offered evidence that the victim's accounts of events as told to her mother, to sheriff's department officials, to DFCS representatives, in her grand jury testimony, and in her trial testimony were not consistent. Additionally, the victim testified as a witness and was subject to both direct examination and cross-examination. Tidwell had ample opportunity to challenge her description of events, memory, truthfulness, and consistency. Moreover, the factors set forth in *Gregg*, supra at 240, are not intended to be mechanically applied as some sort of magic formula; the trial court has broad discretion in determining the admissibility of evidence.

Tidwell also contends that the trial court must make a finding of reliability prior to the admission of testimony. We rejected this argument in *Gregg*, supra at 241. While the court must find sufficient indicia of reliability, such a finding is not a condition precedent to the

---

[1] The Supreme Court transferred this appeal because it determined that the constitutional issues raised involved the application of well-settled principles and that this appeal brought no new issues within its jurisdiction.

[2] "The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement *was made* (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, . . . and the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child. [Cits.]" (Emphasis in original.) *Gregg*, supra at 240.

admissibility of testimony. OCGA § 24-3-16's requirement of "indicia of reliability" is satisfied if "after both sides have rested at trial, competent evidence of record exists which will support a finding of 'indicia of reliability.'" *Gregg*, supra at 239 (3). Accordingly, we find no merit to this enumeration.

2. In several enumerations, Tidwell challenges the trial court's admission of similar transaction evidence relating to two offenses. The court conducted a Uniform Superior Court Rule ("USCR") 31.3 (B) hearing and found that the State's proffer constituted a sufficient showing to justify the admission of evidence relating to two independent offenses, Tidwell's prior sodomy conviction involving the male victim and the uncharged child molestation incident. See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). After examining the record and transcripts, we are satisfied that the State adequately made the three required affirmative showings outlined in *Williams*, supra at 642 (b).

(a) Tidwell claims his conviction for sodomy was totally dissimilar because it involved a 16-year-old male victim. The record reveals, however, that the sodomy victim, although a teenager, was mentally impaired and functioned at a mental age between five and seven at the time of the molestation and was coerced by Tidwell into participating in oral sex. Moreover, "[t]he sexual abuse of young children, regardless of the sex of the victims or the nomenclature or type of acts perpetrated upon them, is of sufficient similarity to make the evidence admissible." *Oller v. State*, 187 Ga. App. 818, 820 (371 SE2d 455) (1988). Sufficient similarity exists between the prior crime to which Tidwell pleaded guilty and the offenses charged here.

(b) Tidwell also argues, citing *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605) (1985), that the admission of evidence concerning the prior sodomy conviction constituted double jeopardy. In *Moore*, the basis for the constitutional objection was that the defendant had been acquitted of the prior crime, and it was thus improper to have allowed a witness's adverse testimony of a crime for which a defendant had been acquitted. Here, there is no question that Tidwell was the perpetrator of the separate offense to which he pleaded guilty, and sufficient similarity to the earlier crime was shown to satisfy both requirements of *Moore*. Id. at 676. Tidwell's reliance on *Moore* therefore is misplaced.

(c) The trial court did not err in ruling that Tidwell received sufficient notice of the uncharged similar transaction despite the State's failure to specify an exact date for the molestation. He argues the notice provided to him regarding the uncharged child molestation incident lacked the requisite amount of specificity, failing to satisfy USCR 31.3 by not giving an exact date of the alleged offense. USCR 31.3 (B) requires the prosecution to file a written notice of an intent

to present evidence of similar transactions, stating the "transaction, date, county, and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced." Id. Tidwell claims it was impossible for him to prepare a defense because the State failed to provide adequate information.

The record shows the State's written notice provided the transaction, county, and name of the victim but gave only the general time frame of "during 1984 or 1985." The transcripts show that neither the victim nor her grandmother knew the specific date when Tidwell allegedly engaged in inappropriate touching, and they could provide only the general time period. Since the State did not have a specific date of the similar transaction, it complied with USCR 31.3 by providing Tidwell with the information it had. *Eidson v. State*, 182 Ga. App. 321, 322 (2) (355 SE2d 691) (1987).

(d) Contrary to Tidwell's contention, we find no error in the order in which the evidence was presented. The trial court permitted the testimony of five witnesses before B. C. testified. Two witnesses testified as to B. C.'s hearsay declarations under the Georgia Child Hearsay Statute; one witness testified to the hearsay declarations of both similar transaction victims; and both similar transaction victims testified. Tidwell argues that by virtue of this order of testimony, he suffered manifest prejudice.[3] In *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991), the Georgia Supreme Court expressed concern regarding the presentation of evidence of nine similar transactions before any evidence supporting the case-in-chief against the defendant. The Supreme Court noted the procedure followed in *Gilstrap* created a substantial possibility the jury could have settled upon the defendant's guilt before hearing a single witness to the indicted crime. *Gilstrap*, supra at 799 (2).

A trial court has discretion as to the order of admission of evidence, and the Georgia Supreme Court declined in *Gilstrap* to determine the outer limit of the trial court's discretion. Id. In this case, the jury heard evidence relating to the indicted crimes from the first two witnesses, then testimony from the next three witnesses regarding similar transactions. Based on a review of the record and transcripts, we do not find the trial court abused its discretion or created a substantial possibility of prejudice to Tidwell by admitting the evidence in this order, especially since the first two witnesses testified about the indicted crime.

3. Tidwell claims the court erred by permitting the victim's mother to testify about the victim's level of intelligence and her

---

[3] We reject the State's contention that Tidwell has waived any error; the record shows that Tidwell repeatedly objected to the use of any and all similar transaction evidence.

knowledge of right and wrong. Over objection, the court permitted the victim's mother to testify about her daughter's mental condition. Although Tidwell claims the mother improperly testified as to her daughter's knowledge of right and wrong, the transcript shows the witness never responded to such a question. A witness may testify to facts about which she has personal knowledge. Allowing the mother to testify about her child's mental abilities was not improper, especially since the child herself later testified, and the jury could make its own determination of her mental abilities.

We reject Tidwell's contention that the mother's testimony about her daughter's mental abilities constituted improper bolstering and invaded the jury's province of determining the credibility of the victim's testimony. We also reject Tidwell's contention that *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994) controls. This Court reversed Roberson's convictions because the court permitted a witness to give her opinion as to the victims' *credibility. Roberson* is inapplicable here because the victim's mother never testified about her daughter's truthfulness or credibility. She merely opined that although her daughter is a smart child she "needs a little longer to catch on to some things."

4. Tidwell argues the trial court erred by denying his motion for a mistrial after the victim's mother testified as to Tidwell's intoxication. The record shows that after the offending testimony, Tidwell immediately moved for a mistrial, which the court denied. The court's curative instructions instructed the jury to disregard the irrelevant testimony. Tidwell failed to request further instructions or renew his motion for a mistrial.

If a court overrules a motion for a mistrial and gives corrective instructions, and thereafter counsel fails to request further instructions or renew the motion for a mistrial, an enumeration raising this ground is without merit. *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158) (1977). This is not a case where the statement was so prejudicial that no instruction of the trial court could eradicate the statement from the jurors' minds. See *Counts v. Moorehead*, 232 Ga. 220, 221 (206 SE2d 40) (1974). Accordingly, no reversible error exists.

5. Tidwell argues the court erred by precluding him from presenting evidence regarding the victim's sexual contact with other persons.

Generally, evidence of a prior molestation or previous sexual activity on the part of the victim is not admissible in a child molestation case to show either the victim's reputation for nonchastity or preoccupation with sex. See *Woods v. State*, 187 Ga. App. 105 (1) (369 SE2d 353) (1988). This type of evidence may be admissible for the limited purpose of establishing other possible causes for behavioral symptoms typical of the child sexual abuse accommodation syn-

drome or to explain certain medical testimony introduced at trial. See *Hall v. State*, 196 Ga. App. 523, 524 (2) (396 SE2d 271) (1990).

Here, unlike *Hall*, there was no expert testimony concerning the child sexual abuse accommodation syndrome, nor was any medical evidence admitted; Tidwell did not seek to offer evidence that another person molested B. C. Therefore, *Hall* is factually distinguishable.

The only purpose for which Tidwell sought to introduce evidence was to show the victim's flirtatious conduct and "prematurely seductive behavior toward men." Moreover, the court evaluated counsel's proffered evidence and deemed portions admissible, permitting the victim's grandmother to testify about contradictory statements the victim made to her and allowing Tidwell's girl friend to testify about the victim's flirtatious conduct with Tidwell and other men. Tidwell fails, under the analysis of *Hall*, supra, to demonstrate that any testimony offered was improperly excluded; the trial court did not err in excluding the testimony at issue.

6. Tidwell claims the court erred by failing to ensure that crucial photographic evidence went out with the jury. During the trial, Tidwell introduced three photographs taken at Easter time, purporting to show he had no contact with the victim at the time the molestation had occurred.

Tidwell contends the foreman attempted to inform the court that the jury did not have the three photographs when the foreman informed the court the jury lacked physical evidence other than the indictment. The transcript contains no evidence, however, that the court excluded any evidence introduced and admitted at trial or that the jury did not have these three photographs when it deliberated. Accordingly, we find this argument is mere speculation.

7. Tidwell claims the trial court erred by failing to sequester the victim's mother during the hearing on his motion for a new trial. Tidwell argues the purpose of the motion hearing was to present newly discovered evidence, a letter by the victim, B. C., to Tidwell in prison. In that letter, she recanted her trial testimony and earlier statements against him. Tidwell contends that B. C.'s mother and stepfather were subjecting her to pressure during the trial and that when afforded an opportunity to recant, B. C. did just that.

Although Tidwell requested invocation of the rule on sequestration, the court invoked the rule with one exception and permitted the victim's mother to remain. The transcript shows the victim was feeling apprehensive about her upcoming testimony and was hanging tightly on to her mother. The court allowed her mother to remain in the courtroom because the victim wanted her mother present, not because the mother desired to remain. At the motion hearing, the victim testified she wrote the exculpatory letter because she was being pressured by Tidwell's girl friend, now his wife.

Here the court permitted the victim's mother to remain in the courtroom during her daughter's testimony even though the victim's mother later testified in the same hearing. OCGA § 24-9-61 provides for sequestration of witnesses only "as far as practicable and convenient, but no mere irregularity shall exclude a witness." Id. We have noted that "OCGA § 24-9-61 provides for sequestration of witnesses upon motion by a party, but the trial court has sound discretion to make exceptions to that rule, and only abuse will warrant reversal." (Citations and punctuation omitted.) *Lee v. State*, 214 Ga. App. 164 (447 SE2d 323) (1994). Under the facts of this case, we find no abuse of the court's discretion.

8. We have considered Tidwell's remaining enumerations and find them utterly without merit.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 15, 1995 —
RECONSIDERATION DENIED NOVEMBER 30, 1995.

*John L. Strauss*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Assistant District Attorney*, for appellee.