483 S.E.2d 683 (1997)
225 Ga. App. 262
WASHINGTON
v.
The STATE.
No. A97A0510.
Court of Appeals of Georgia.
March 6, 1997.
Hagler, Hyles & Adams, Clark C. Adams, Jr., Columbus, for appellant.
*684 J. Gray Conger, District Attorney, Alonza Whitaker, Neal J. Callahan, Assistant District Attorneys, for appellee.
BLACKBURN, Judge.
James W. Washington appeals his conviction of child molestation. On appeal Washington contends that the trial court erred in refusing to allow evidence of prior molestation, that the trial court gave an erroneous charge on circumstantial evidence, and that the evidence was insufficient to support the verdict.
Viewed in the light most favorable to the verdict, the evidence reflects that on July 20, 1994, the eleven-year-old victim and four other children under the age of thirteen were in Washington's apartment to watch a movie. Washington repeatedly followed the victim into other rooms, where he would kiss and fondle her. Washington later took the children to the bowling alley across the street to play video games. Thereafter, he followed the victim back to the apartment after he sent her there to get more money. Upon returning to the apartment, Washington pulled down the victim's pants and attempted to have intercourse with her.
1. Although "[t]here is no requirement that the testimony of the victim of child molestation be corroborated," Adams v. State, 186 Ga.App. 599, 367 S.E.2d 871 (1988), the testimony of the victim in the present case was corroborated in several respects. Antonio Vinning testified that Washington kept following the victim out of the room, and that he saw Washington kissing the victim. He further testified that Washington followed the victim from the bowling alley back to the apartment. Xavier Vinning testified that he saw Washington hugging the victim. Xavier also testified that Washington followed the victim back to the apartment after Washington sent the victim there to get more money.
Washington denied that he molested the victim. He also denied following the victim back to his apartment from the bowling alley. Carlos Jesse testified that Washington did not leave the bowling alley after Jesse arrived. However, he also testified that Washington was already at the bowling alley when he arrived.
"[I]t is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. Furthermore, the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citations and punctuation omitted.) Clay v. State, 214 Ga.App. 160, 161, 447 S.E.2d 156 (1994).
Having viewed the record in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Washington guilty beyond a reasonable doubt of child molestation. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
2. In his second enumeration of error, Washington contends the trial court erred in failing to allow him to cross-examine the victim regarding prior allegations of molestation.
"[E]vidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex." Hall v. State, 196 Ga.App. 523, 525, 396 S.E.2d 271 (1990). However, such evidence may be admissible for a proper purpose. Id.
The trial court held a hearing outside the presence of the jury in which the victim's mother testified that a 13-year-old boy had threatened to put his penis into the victim's private parts. Washington's counsel asserted that this testimony was relevant to show that the child's knowledge regarding molestation came from another source and she was merely repeating something that happened previously. He further argued that the victim's mother had a grudge against Washington and that she encouraged the victim to say that Washington committed these acts.
*685 We do not agree that the testimony established evidence of a prior molestation. However, in any event, "[k]nowledge of a crime gained through being a victim of that crime at the hands of others can have no relevance to the issue of guilt or innocence of the defendant on trial. The past sexual experience of a child in a case such as this is irrelevant to the issue of whether molestation was committed by the defendant on trial." Chastain v. State, 180 Ga.App. 312(2), 349 S.E.2d 6 (1986). Therefore, the trial court correctly excluded any reference to past molestation of the victim.
3. Washington contends that the trial court's charge on circumstantial evidence was erroneous. Washington specifically objects to the following portion of the charge: "To warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." Washington argues that the charge failed to instruct the jury that every other reasonable theory, other than guilt, must be excluded beyond a reasonable doubt.
Initially, we note that Washington's conviction was not solely based on circumstantial evidence. As discussed above, the victim testified that Washington committed the acts as alleged in the indictment. Furthermore, the trial court's charge to the jury was not erroneous. "The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same." (Citations and punctuation omitted.) Hill v. State, 205 Ga. App. 475, 476-477(3), 422 S.E.2d 564 (1992). The trial court charged the jury on the proper presumptions and burdens, and specifically charged that the State must prove every essential element beyond a reasonable doubt. Therefore, reviewing the charge as whole, we find no error.
Judgment affirmed.
POPE, P. J., and JOHNSON, J., concur.