A97A0773. CANTRELL v. THE STATE.
(484 SE2d 751)

BEASLEY, Judge.

Cantrell appeals his convictions of aggravated sodomy (OCGA § 16-6-2), aggravated child molestation (OCGA § 16-6-4 (c)), and child molestation (OCGA § 16-6-4 (a)).

The victim was age seven at the time of the offenses and nine at the time of trial. During the fall of 1994, he and his parents lived in an apartment with their cousin Brock. Cantrell, who was the victim's uncle, and Brock babysat for him at Brock's apartment. The child testified that on one occasion, Cantrell placed his hand on the victim's penis. He told his mother the same day; she in turn told his father. When the parents confronted Cantrell, he said he and the child had been engaged in nothing more than horseplay, and the parents warned Cantrell not to do it again.

The child and his parents left Georgia in November but returned the following March. They moved into an apartment below Brock's. For several months after their return, the child spent time with Cantrell on camping trips and at the home of a friend of Cantrell's. During these times Cantrell placed his hand on the child's penis, placed the child's hand on Cantrell's penis, put his mouth on the child's penis, and showed the child movies depicting men performing homosexual acts.

According to the mother, the child began to act very upset, disturbed, and depressed during this period. He would not tell her what was wrong. On September 10, shortly after camping with Cantrell, the child returned from a visit with his grandmother and told his

parents what Cantrell had been doing. At the time, the parents were angry at Cantrell over other matters. After the disclosure, the father ran upstairs to Brock's apartment and started a fight with Cantrell. The police were summoned and the parents told police that Cantrell had been molesting their son.

Cantrell sought to cross-examine the child concerning an alleged conversation between the child and Brock in which he asked her if she ever "sucked a man's thing" and then proceeded to tell her that, while he and his parents were living in a motel, he saw his mother do this to a man when his father was away. Brock said the child begged her not to tell his father. Cantrell also sought to cross-examine the victim concerning his access to certain pornographic magazines owned by his father but found in the child's possession. The court sustained the State's objection to this questioning, and Cantrell contends that he had a right to show by this evidence that the child had acquired knowledge of sexual matters from his parents.

" 'Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than (the) accused, is inadmissible. (Cits.)' [Cit.] Moreover, 'evidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or [his] preoccupation with sex. (Cit.)' [Cit.]" *Burris v. State*, 204 Ga. App. 806, 809 (2) (420 SE2d 582) (1992). " 'The scope of cross-examination is not unlimited and the extent thereof lies within the sound discretion of the court. (Cit.) An irrelevant or immaterial line of inquiry may be curtailed without violence to a defendant's permissible scope of cross-examination. (Cit.) . . .' [Cits.]" *Meadows v. State*, 190 Ga. App. 662, 664 (2) (380 SE2d 326) (1989).

The trial court did not abuse its discretion in ruling that any knowledge acquired by the child through observation of his mother performing oral sex on a man, and through possession of certain magazines owned by his father, was not relevant to the issue of whether the defendant committed the acts with which he was charged. Accord *Harris v. State*, 189 Ga. App. 49 (1) (375 SE2d 122) (1988) (physical precedent only); *Ortiz v. State*, 188 Ga. App. 532 (1) (374 SE2d 92) (1988); *Chastain v. State*, 180 Ga. App. 312 (2) (349 SE2d 6) (1986).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 24, 1997.

*Neil A. Smith*, for appellant.
*Lydia J. Sartain, District Attorney*, for appellee.