A97A1687. POPE v. THE STATE.
(494 SE2d 345)

ANDREWS, Chief Judge.

Robin Pope appeals from the judgment entered on a jury verdict finding him guilty of child molestation.

1. The State presented testimony from the victim, a Department of Family & Children Services (DFACS) caseworker, and an agent for the Georgia Bureau of Investigation (GBI) to support the charge that Pope molested his seven-year-old niece. The child testified in detail

as to the acts of molestation committed upon her by Pope. The DFACS caseworker testified pursuant to the child hearsay statute (OCGA § 24-3-16) as to statements made to her by the child describing the acts of molestation. The GBI agent testified as to statements given to him by Pope while in police custody admitting that he committed the acts of molestation. Pope denied that he molested the child and claimed the GBI agent induced the statements with promises of leniency.

Although there was conflicting evidence, on appeal from a criminal conviction the defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). It is the jury's function, not the function of the appellate court, to resolve conflicts in the evidence and determine the credibility of the witnesses. Id. The evidence was sufficient for a rational trier of fact to find Pope guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pope claims the trial court erred by granting the State's motion in limine to exclude evidence that the child claimed to have been molested by someone other than Pope.

There was evidence that, in describing the molestation by Pope, the seven-year-old child used words of a sexual nature that would not normally be in such a young child's vocabulary. Pope proffered evidence that the child told the DFACS caseworker that she had also been sexually molested by another person. He argued at trial that this evidence was admissible because it could affect the jury's assessment of the credibility of the child's claim against him by enabling the jury to believe that the child obtained her unusual vocabulary from being molested by someone other than him. The trial court allowed defense counsel to elicit testimony from the child that she learned this sexual vocabulary from a person other than Pope, but the court would not admit evidence that the child claimed this other person had also molested her.

We find no error. The trial court allowed Pope to elicit evidence showing that the child's sexual vocabulary was attributable to conduct by someone other than him. Evidence that the child also claimed to have been molested by that person was not relevant for the purpose asserted by Pope. "Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than [the] accused, is inadmissible. *Chastain v. State*, 180 Ga. App. 312 (2) (349 SE2d 6) (1986), aff'd 257 Ga. 54, 55 (354 SE2d 421) (1987)." *Stancil v. State*, 196 Ga. App. 530 (396 SE2d 299) (1990); *Washington v. State*, 225 Ga. App. 262, 263-264 (483 SE2d 683) (1997); compare *Hall v. State*, 196 Ga. App. 523, 525 (396 SE2d 271) (1990). (Such evidence may be admissible for a proper purpose.)

Pope's additional argument on appeal that evidence of prior molestation was especially relevant in light of inconsistencies in the child's testimony against Pope is without merit. Aside from the fact that this argument was not made in the trial court, the irrelevant evidence was not made relevant simply because there may have been some inconsistencies in the child's testimony.

3. Pope contends the trial court erred by overruling his motion to exclude the statement he gave to the GBI agent admitting that he committed the acts of molestation.

Pope claims his in-custody statement was involuntary and inadmissible because it was induced by promises of leniency. See *Johnson v. State*, 238 Ga. 27, 28 (230 SE2d 849) (1976). At a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine whether the statement was voluntary, evidence showed that Pope gave the statement to the GBI agent after being advised of and waiving his rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The GBI agent testified that no coercion, threats or promises of any kind were utilized to obtain the waiver of rights and the statement. Pope testified at the hearing that he gave the statement after being induced to do so by repeated promises of leniency.

The trial court found that Pope was informed of his rights, waived them, and freely and voluntarily gave the statement. In ruling that the in-custody statement given by Pope was voluntary, the trial court was required to ask whether, upon consideration of the totality of the circumstances, a preponderance of the evidence demonstrated that the statement was freely and voluntarily given. *Connerly v. State*, 207 Ga. App. 498, 499 (428 SE2d 408) (1993). Although the trial court's application of the law to undisputed facts is subject to de novo appellate review, the court's findings as to disputed factual matters and credibility will not be disturbed on appeal unless clearly erroneous. *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994). There was no error in admitting the statement.

4. There is no merit to Pope's contention that the trial court erred in the manner in which it supplemented the record for appeal pursuant to OCGA § 5-6-41.

Portions of the trial transcript were incomplete due to a mechanical failure at trial. Because the parties were unable to agree as to what transpired in the trial court during the unrecorded portions of the trial, the trial court set the matter down for a hearing pursuant to OCGA § 5-6-41. The State submitted a proposal for reconstruction of the transcript from recollection. Defense counsel submitted no proposal stating that he could not recall what transpired. The trial court agreed with the State's recollection and adopted it to supplement the transcript on appeal.

"Where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § 5-6-41." (Citations and punctuation omitted.) *Whitt v. State*, 215 Ga. App. 704, 707 (452 SE2d 125) (1994). OCGA § 5-6-41 (g) provides that: "In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review. . . ." Id.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED OCTOBER 22, 1997.

*Gammon & Anderson, Joseph N. Anderson*, for appellant.

*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney*, for appellee.