## A98A1781. McWHORTER v. THE STATE.
(509 SE2d 736)

POPE, Presiding Judge.

Marvis McWhorter appealed from his aggravated assault conviction. This Court remanded the case to the trial court for a determination as to whether McWhorter's statement to a police detective was given voluntarily. *McWhorter v. State*, 229 Ga. App. 875, 877-878 (3) (495 SE2d 139) (1997). On remand, the trial court held a hearing and then ruled that the statement was voluntary. McWhorter appeals from the court's ruling.

When a trial judge has made a determination as to the voluntariness of a statement after a hearing, such determination must be accepted by the appellate courts unless it is clearly erroneous. *Clay v. State*, 209 Ga. App. 266, 268 (1) (433 SE2d 377) (1993). In the instant case, the trial judge's determination that McWhorter's statement was voluntary is not clearly erroneous because it is supported by testimony given at the hearing held on remand.

At the hearing, the police officer who arrested McWhorter testified that he read McWhorter his *Miranda*[1] rights and that McWhor-

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

ter said he understood his rights. The officer, however, did not question McWhorter, but drove him to the police station where a detective questioned him. The detective testified that when he started to read McWhorter his *Miranda* rights, McWhorter said that he had already been given his rights, that he understood them and that he was willing to talk to the detective. The detective testified that McWhorter did not appear to be under the influence of any drugs and appeared to be in his right mind. The detective further testified that he did not threaten, coerce, harm, or promise any benefit or reward to McWhorter. McWhorter made a very short statement to the detective about what happened at the crime scene and then ended the interview by saying he would "tell it to the judge."

Based on the testimony given at the hearing, the trial court did not err in determining that McWhorter made his statement to the detective freely and voluntarily. See *Christopher v. State*, 269 Ga. 382, 383 (2) (497 SE2d 803) (1998); *Pope v. State*, 228 Ga. App. 897, 899 (3) (494 SE2d 345) (1997). Accordingly, the court's determination is upheld.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED NOVEMBER 24, 1998.

*Debra M. Finch, Deborah N. Bedsole*, for appellant.
*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.