## A04A1163. PAYNE v. THE STATE.
### (600 SE2d 422)

PHIPPS, Judge.

Johnny Aaron Payne was being tried for various sexual offenses when, on motion by the state, the trial court declared a mistrial on the ground that defense counsel had violated the court's ruling on a motion in limine. Payne later filed a plea in bar to prevent any retrial on double jeopardy grounds. Payne appeals the trial court's denial of the plea in bar. Finding no evidentiary infraction by defense counsel and thus no necessity for a mistrial, we reverse.

Payne was charged with rape, aggravated child molestation, child molestation, and incest based on allegations by his stepdaughter that he had engaged in sexual intercourse and various acts of sodomy with her beginning when she was four years old and ending when she was eight. Several months after making the allegations, the stepdaughter recanted them in the presence of Department of Family

and Children Services (DFCS) investigator Browher. In recanting, the stepdaughter informed the investigator that she had fabricated the allegations because she was angry with Payne for disciplining her, and that she had gained knowledge of the sexual acts she had described by watching pornographic movies at her natural father's house. Prior to trial, the state filed a motion in limine to prohibit the defense from eliciting or introducing any testimony or evidence concerning the victim's viewing of pornographic material. The state argued that any such evidence was not relevant and would be inadmissible under the rape shield statute (OCGA § 24-2-3). The trial court granted the state's motion.

At trial, DFCS investigator Browher appeared as a state's witness. During his cross-examination of Browher, defense counsel elicited testimony showing that the victim had recanted her allegations against Payne. When defense counsel asked Browher if the victim had "explained to you why she had lied," Browher responded that he did not recall. Defense counsel then asked Browher to review his notes in order to refresh his recollection. After doing so, Browher testified that "she stated that she had seen a pornographic movie."

Defense counsel thereupon explained to the witness "[t]hat . . . what I was asking about is did she say that she lied because Aaron Payne had disciplined her?" Browher responded that he did not see that in his notes and did not recall either. Defense counsel then asked Browher whether the victim had provided an explanation as to how she could describe the sexual acts; counsel simultaneously cautioned the witness that he was not asking for the explanation itself. Browher affirmed that the child had provided an explanation that had caused him to consider terminating the investigation. Without raising any objections, the prosecuting attorney proceeded to engage the witness in redirect examination.

Defense counsel began his recross-examination of Browher by reminding him, "You mentioned pornographic movies." The prosecuting attorney thereupon objected. After the jury was removed from the courtroom, the prosecutor moved for a mistrial on the ground that defense counsel had intentionally violated the court's ruling on the state's motion in limine thereby doing irreparable damage to the state's case. Defense counsel responded: In asking Browher for an explanation as to why the victim had lied, he had sought to show that she had been angry at Payne for disciplining her; instead, Browher alluded to the pornographic movie viewed by the child; although defense counsel immediately proceeded to a different subject during his cross-examination of Browher, he felt that it was necessary during recross-examination to dispel the inference that the pornographic movie had been shown to her by Payne. The prosecuting attorney responded by charging defense counsel with intentionally attempting

to inject the child's viewing of the pornographic movie into the case by asking Browher to refresh his recollection by reviewing notes that referred to the movie. After reviewing the notes in chambers, the court granted the state's motion for mistrial.

1. With limited exceptions, the rape shield statute

excludes evidence relating to the past sexual behavior of the complaining witness. This statute applies in child molestation cases. Generally, in a child molestation case, evidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex. When consent is not a defense, evidence of prior sexual behavior is generally not material to the issues. [Cit.][1]

Consequently, we have held that absent a showing of relevance for some purpose other than establishing nonchastity or preoccupation with sex, evidence of a child's past sexual history is inadmissible.[2]

*Cantrell v. State*[3] was a child molestation case in which the defense sought to admit evidence of the child's possession of pornographic magazines belonging to the child's father. Because the defense failed to show how the child's possession of such material was relevant to the charge that the defendant had molested him, we found no abuse of discretion in the trial court's exclusion of the evidence.

But in *Hall v. State*,[4] we held that evidence that the child molestation victim had been molested by someone other than the accused was admissible to establish other possible causes for sexual abuse behavioral symptoms exhibited by the child and as an alternative explanation for her physical injuries.[5]

In *Pope v. State*,[6] the seven-year-old victim had used words of a sexual nature that ordinarily would not be present in such a young child's vocabulary in describing the defendant's molestation of him. The defense sought to admit evidence that the child had previously accused someone else of child molestation, to show how she had acquired her unusual vocabulary. The trial court allowed the defense to show that the child had learned her sexual vocabulary from a person other than the defendant, but the court would not admit

---

[1] *Carson v. State*, 259 Ga. App. 21, 23-24 (4) (576 SE2d 12) (2002).

[2] See *Pope v. State*, 228 Ga. App. 897, 898 (2) (494 SE2d 345) (1997).

[3] 225 Ga. App. 680 (484 SE2d 751) (1997).

[4] 196 Ga. App. 523 (396 SE2d 271) (1990).

[5] Id. at 525 (2).

[6] Supra.

evidence that the child claimed this other person had molested her. We found no error.

Here, the defense was certainly entitled to show that Payne's stepdaughter had recanted her allegations against him, as well as the reason for the recantation, i.e., that she had fabricated the charges because she had been mad at Payne for disciplining her. In recanting her allegations, the victim also explained how she had acquired knowledge of the alleged sexual acts, i.e., by viewing a pornographic movie at her natural father's house. Therefore, although the victim's viewing of the pornographic movie was part of her sexual history or behavior and thus irrelevant under the rape shield statute and Georgia case law to show her nonchastity or preoccupation with sex, it had relevance for another purpose in this case. As in *Pope*, however, the defense could have shown that the victim had acquired knowledge of the sexual acts from someone other than Payne without specifying that her viewing of pornography was the mechanism through which she had gained the knowledge. For that reason, the trial court's grant of the state's motion in limine was not an abuse of discretion.

2. But the trial court did abuse its discretion in granting the state's motion for mistrial. " 'Once [Payne's] jury was impaneled and sworn, jeopardy attached, and he was entitled to be acquitted or convicted by that jury.' [Cit.] If a mistrial is declared without a defendant's consent or over his objection, the defendant may be retried only if there was a 'manifest necessity' for the mistrial. [Cits.]"[7] In *State v. Abdi*,[8] we held that where the defendant precipitates a mistrial by injecting evidence irrelevant to the issue and prejudicial to the state, a second prosecution is not barred. That, however, is not what happened here.

In cross-examining Browher, defense counsel asked for the explanation provided by the victim as to *why* she had lied. Whatever counsel's subjective motivation may have been in pursuing this line of questioning and in asking Browher to refresh his recollection by viewing his notes, the question as posed by counsel did not call for a response violative of the trial court's ruling on the state's motion in limine. The explanation given by the victim for *why* she had lied was that she was angry with her stepfather for disciplining her. Viewing the pornographic movie at her natural father's house was the explanation given by the victim for *how* she had been able to concoct the story. At the hearing on Payne's plea in bar, Browher disclosed that at the time of trial he had not been told that the trial court had issued

---

[7] *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994).

[8] 162 Ga. App. 20 (288 SE2d 772) (1982).

an order excluding any mention of the victim's viewing of pornography. In questioning the witness, defense counsel was entitled to assume, mistakenly as it turned out, that the prosecution had informed him of the appropriate parameters of his testimony. Presumably, if he had been so informed, he would not have given the unresponsive answer to defense counsel's question. Therefore, injection of the issue of pornography into the trial cannot be attributed to any stratagem by the defense. And once the issue had been injected, the defense was entitled to clarify that Payne bore no responsibility for the victim's viewing of the pornographic movie.

Moreover, at trial the prosecuting attorney commented in his opening statement that the jury was not going to hear any evidence that would explain the details provided by the victim in her accusations against Payne, other than Payne's guilt. Arguably, that comment opened the door to evidence by the defense providing an alternative explanation for how the child acquired knowledge of the details.

Because defense counsel committed no evidentiary infraction, there was no manifest necessity for the declaration of a mistrial without Payne's consent. Consequently, the trial court erred in denying his plea of former jeopardy.[9]

*Judgment reversed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MAY 19, 2004.

*Dennis G. Dozier*, for appellant.
*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.

---

[9] See *Dotson v. State*, 213 Ga. App. 7, 8 (1) (443 SE2d 650) (1994); *Venson v. Georgia*, 74 F3d 1140 (11th Cir. 1996). In *Dotson*, we found that, as a matter of law, there was no prejudice to the state's case, and thus no manifest necessity for declaring a mistrial, where the improper testimony had no bearing on the offenses of which the defendant was ultimately convicted. Under similar circumstances, the court in *Venson* found a very minimal prejudicial impact on the state's case. Similarly, in this case, it is difficult to find that the state's case suffered legally cognizable prejudice through the truthful disclosure of explanatory statements made by the victim which bolstered the credibility of her recantation of the allegations against the defendant.