A06A0370. MONTGOMERY v. THE STATE.
(625 SE2d 529)

PHIPPS, Judge.

Don Montgomery was found guilty of having committed various sexual offenses upon his live-in girlfriend's daughter, K. C. In this appeal of his convictions, he charges the trial court with error in limiting his cross-examination of K. C. and her mother to show that K. C. could have acquired knowledge of sexual matters through access to pornographic movies owned by K. C.'s brother. Finding neither error nor harm to the defense in the trial court's ruling, we affirm.

The indictment charged Montgomery with three counts of child molestation and with one count each of aggravated child molestation and rape. At the time of the offenses, K. C. was about 11 years old. At the time of trial, she was 13. The state's evidence showed that Montgomery had fondled K. C., that he had forced her to fondle him and to engage in sexual intercourse with him, and that he had performed oral sodomy on her. During cross-examination of K. C., defense counsel asked whether she had ever gone into her older brother's room and looked at any of his movies. K. C. responded that she had not. Later, defense counsel asked K. C.'s mother during cross-examination whether K. C.'s older brother had a collection of pornographic videos in his room. K. C.'s mother responded that he probably did, as he had a large collection of movies of all kinds. Counsel thereupon asked the witness whether she had ever found any of those movies in K. C.'s room. After she responded that she had

---

not, the prosecuting attorney objected. At an ensuing sidebar conference, the district attorney argued that under *Cantrell v. State*[1] any viewing by K. C. of her brother's pornographic movies was irrelevant and inadmissible. In agreement, the trial court instructed defense counsel "not to go into any further . . . alleged viewing by the victim of pornographic materials."

The defendant in *Cantrell* was convicted of various sexual offenses as a result of the molestation of his seven-year-old nephew. On cross-examination, defense counsel sought to show that the child had acquired knowledge of sexual matters through, among other things, access to pornographic movies owned by his father. We found no abuse of discretion in the trial court's determination that this line of cross-examination was irrelevant. We applied the rule, as set forth in cases such as *Burris v. State*[2] and *Chastain v. State*,[3] that evidence of a child's past sexual history, including acts committed by persons other than the accused, is inadmissible absent a showing of relevance.

*Pope v. State*[4] was a child molestation case in which there was evidence that in describing the molestation, the seven-year-old victim used words of a sexual nature that would not normally be found in such a young child's vocabulary. Pope, therefore, argued that evidence that the child had alleged that she had been sexually molested by another person was relevant and admissible. The trial court allowed defense counsel to elicit testimony from the child that she had learned the sexual vocabulary from a person other than Pope, but the court would not admit evidence that the child claimed this other person had molested her. Citing *Chastain*, we found no error.[5]

The defendant in *Payne v. State*[6] was charged with having committed various sexual offenses against his stepdaughter beginning when she was four years old and ending when she was eight. Prior to trial, she had recanted the allegations in the presence of an investigator, explaining that she had fabricated them because she was angry with Payne for disciplining her and that she had gained knowledge of the sexual acts she had described by watching pornographic movies at her father's house. The trial court granted the state's motion in limine to prohibit the defense from eliciting or introducing any testimony or evidence concerning the victim's viewing of the pornographic material. We held that

---

[1] 225 Ga. App. 680 (484 SE2d 751) (1997).
[2] 204 Ga. App. 806, 809 (2) (420 SE2d 582) (1992).
[3] 180 Ga. App. 312 (2) (349 SE2d 6) (1986).
[4] 228 Ga. App. 897 (494 SE2d 345) (1997).
[5] Id. at 898 (2).
[6] 267 Ga. App. 498 (600 SE2d 422) (2004).

although the victim's viewing of the pornographic movie was part of her sexual history or behavior and thus irrelevant under the rape shield statute and Georgia case law to show her nonchastity or preoccupation with sex, it had relevance for another purpose in this case. As in *Pope*, however, the defense could have shown that the victim had acquired knowledge of the sexual acts from someone other than Payne without specifying that her viewing of pornography was the mechanism through which she had gained the knowledge. For that reason, the trial court's grant of the state's motion in limine was not an abuse of discretion.[7]

In this case, unlike in *Pope*, the child did not use words of a sexual nature that normally would not be in her vocabulary. And unlike the child in *Payne*, K. C. did not make reference to viewing pornographic movies in any out-of-court statements exculpatory to the defendant. Therefore, any viewing by her of pornographic movies was irrelevant under the rule applied in *Cantrell* and like cases. Moreover, the trial court permitted defense counsel to elicit testimony from K. C. and her mother showing that she had not viewed any of her brother's pornographic movies. We, therefore, find neither harm to the defense nor legal error in the trial court's ruling.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 4, 2006.

*Maurice G. Kenner*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

