## A08A2359. HERNANDEZ v. THE STATE.

(676 SE2d 795)

BARNES, Judge.

Vicente Ramirez Hernandez, pro se,[1] appeals from his convictions for failure to maintain his lane of traffic and driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1). Hernandez contends the trial court erred by denying his pretrial motion to dismiss evidence; by admitting the arresting officer's testimony concerning a breath test; and by allowing his wife to sit at the defense table. He also contends he was prejudiced by the State's closing arguments. Finding no reversible error, we affirm Hernandez's convictions.

The trial proceedings were not transcribed in this case. Nevertheless, appellate review is based upon the transcripts recorded during the motion for new trial, the record on appeal, and the briefs filed by parties with this court. Court of Appeals Rule 25 (b) (1) (Failure to point out any material inaccuracy or incompleteness of appellant's statement of facts "shall constitute consent to a decision based on the appellant's statement of facts. Except as controverted, appellant's statement of facts may be accepted by this Court as true.").

When an appellate court evaluates "the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

Viewed in the light most favorable to the verdict, the evidence shows that Hernandez was stopped for failure to maintain his lane of traffic, for which a citation was issued. The officer asked for proof of insurance, which Hernandez provided. The officer told Hernandez his insurance had expired and he was cited for no proof of insurance. With Hernandez's consent the officer searched the vehicle and found an empty beer bottle, and the officer charged Hernandez with a violation of OCGA § 40-6-253, open container.

Hernandez then submitted to several alco-sensor breath tests at

---

[1] Hernandez was also without counsel at trial because the court ruled that he was not entitled to appointed counsel.

the scene, which produced no readings. The officer, believing Hernandez was being uncooperative by blowing into the device improperly, asked Hernandez to submit to the test again, and when he refused, the officer arrested him. Hernandez's wife arrived at the scene, and convinced Hernandez to take the test again, which again produced no result. Upon his wife's request, Hernandez took the test yet again, at which time the alco-sensor produced a positive result. Hernandez was subsequently arrested, and the Intoxilyzer 5000 breath test at the jail revealed a blood/alcohol level of 0.146. An hour after his arrest the police read Hernandez his implied consent rights.

Hernandez was charged with: (1) driving under the influence (less safe), (2) driving under the influence (per se), (3) operating a vehicle without proof of insurance, (4) possession of an alcoholic beverage while operating a vehicle, and (5) failure to maintain his lane of traffic.

During the trial, the trial court declared the Intoxilyzer evidence inadmissible and eventually directed verdicts of acquittal on the DUI per se charge and the open container charge. The jury found him not guilty on the insurance charge, but guilty on the two remaining counts of failure to maintain a lane and DUI less safe. Hernandez filed a motion and amended motion for new trial which the trial court denied. This appeal followed.

1. Hernandez contends the trial court erred in denying his pretrial motion to dismiss evidence (properly a motion in limine[2]) of the breath test administered to him before he was read his implied consent rights as required by OCGA § 40-5-67.1 (b) (2). OCGA § 40-6-392 (a) (4) requires that the arresting officer inform a defendant at the time of arrest of his right to an independent chemical analysis to determine the amount of alcohol in his blood.

> Under ordinary circumstances, where this advice is not given at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs.

*Perano v. State*, 250 Ga. 704, 708 (2) (300 SE2d 668) (1983). But a trial court is not required to rule on a motion in limine before trial, and thus may defer ruling until the trial takes place. *State v. Johnston*, 249 Ga. 413, 415 (1) (291 SE2d 543) (1982). Further,

---

[2] Under our rules of pleading we consider substance and not mere nomenclature. *McDonald v. State*, 222 Ga. 596, 597 (1) (151 SE2d 121) (1966).

Hernandez cannot show harm, because at trial, the trial court directed a verdict of acquittal on the charge of driving under the influence with a blood alcohol level higher than 0.08 percent. This enumeration of error is without merit.

In addition, Hernandez argues that the trial court's denial of his motion to dismiss inadmissible evidence before trial exposed the jury to prejudicial testimony. The arresting officer testified about his untimely reading of the implied consent, and Hernandez contends that this testimony informed the jury of the existence of evidence to which it had no access. The officer's testimony, Hernandez argues, suggested that the jury was unable to consider this evidence due to a technicality, thus influencing the jury's guilty verdict on the remaining two counts. We disagree.

The jury was charged regarding the specific elements of the crimes of driving under the influence while less safe and failure to maintain a lane. It heard the evidence, considered the facts, and determined Hernandez was guilty of these two charges. Because we have no transcript of the trial, we cannot presume that the jury's findings were based on anything other than the evidence of those crimes.

2. Next, Hernandez contends the trial court erred in admitting the arresting officer's testimony regarding the alco-sensor breath tests he administered Hernandez at the time of his arrest. He argues the results of the alco-sensor test were inadmissible because he submitted to the test at his wife's request, not the officer's, and OCGA §§ 40-5-55 and 40-6-392 (a) (4) specifically require that this test be administered at the request of a law enforcement officer. These Code sections, however, do not apply to the administration of the alco-sensor test. *Keenan v. State*, 263 Ga. 569, 571 (2) (436 SE2d 475) (1993); *Turrentine v. State*, 176 Ga. App. 145, 146 (1) (335 SE2d 630) (1985). Accordingly, this argument is meritless.

3. Hernandez contends that the trial court erred by allowing his wife to sit at his defense table, because she was then not allowed to testify on his behalf at trial after the State invoked the rule of sequestration. See OCGA § 24-9-61. Application of the rule of sequestration is within the trial court's sound discretion, *Wilson v. State*, 158 Ga. App. 174, 176 (7) (279 SE2d 345) (1981), and police investigators needed to assist the prosecutor are frequently allowed to remain in the courtroom and allowed to testify after other witnesses had been examined in their presence, as an exception to the rule. See *McNeal v. State*, 228 Ga. 633, 636 (4) (187 SE2d 271) (1972). Further, investigators have been allowed to sit at counsel table. See, e.g., *Steele v. State*, 216 Ga. App. 276, 279 (4) (454 SE2d 590) (1995), disapproved on other grounds, *Kennebrew v. State*, 267 Ga. 400, 404, n. 2 (480 SE2d 1) (1996).

Therefore, the trial court did not abuse its discretion by allowing Mrs. Hernandez to sit at his defense table and assist in Hernandez's defense, and Hernandez does not argue that the trial court erred in not allowing his wife to testify. Moreover, if there was error, Hernandez induced it and induced error is not an appropriate basis for claiming prejudice. *Nelson v. State*, 279 Ga. App. 859, 864 (1) (b) (632 SE2d 749) (2006). At trial, Hernandez asked the court to allow his wife to sit with him at the defense table. The trial court was willing to allow Hernandez's wife to sit with Hernandez as long as the State consented to it, and the State agreed as long as the rule of sequestration was not violated. Therefore, Hernandez had the final decision regarding his wife's role in his trial. She could sit with her husband and assist Hernandez with any language or legal barriers that might present themselves or serve as Hernandez's key witness, in which case she would have to sit outside and wait to be called to testify. These issues were explained to Hernandez, he and his wife considered the pros and cons of her role as a witness, and they decided that she would not testify.

4. Finally, Hernandez contends that he was prejudiced by comments made during the State's closing argument. During the hearing on Hernandez's motion for new trial, Hernandez's wife testified regarding the substance of these comments, and the trial court confirmed them. The State argued during its closing that Mrs. Hernandez was available during the trial but chose not to testify despite being present at the scene of her husband's arrest and knowing his condition at the time. He suggested that Mrs. Hernandez was "hiding behind the law" so she would not have to testify against her husband and that this proved Hernandez was guilty. This issue was not preserved for our review, however, because Hernandez failed to object to the comments at trial.

Although we may consider under the plain error doctrine[3] some errors to which the defendant did not object, this is not one of those situations. It is now well settled that the defendant's failure to object at trial regarding improper comments during closing arguments of a nondeath penalty case precludes this court's consideration of alleged errors, even under the plain error doctrine. *Sampson v. State*, 282 Ga. 82, 83 (3) (646 SE2d 60) (2007). See also *Mullins v. State*, 270 Ga. 450, 451 (1) (511 SE2d 165) (1999); *Cochran v. State*, 277 Ga. App. 251, 255 (2) (626 SE2d 217) (2006). Hernandez, by failing to object at trial, has provided no vehicle by which we might address this issue.

---

[3] "Plain error" is "so clearly erroneous to result in a likelihood of a grave miscarriage of justice or one that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Emilio v. State*, 257 Ga. App. 49, 52 (3) (570 SE2d 372) (2002).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 27, 2009.

Vicente R. Hernandez, *pro se.*
Nina M. Baker, *Solicitor-General*, for appellee.