## A10A2183. TIDWELL v. THE STATE.

(701 SE2d 920)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, Donald James Tidwell appeals his convictions on two counts of aggravated child molestation[1] and on three counts of child molestation.[2] He argues that (i) the State made improper comments during its closing argument, (ii) the trial court abused its discretion in not forwarding to him certain confidential files that it had reviewed in camera, (iii) the trial court erred in admitting certain hearsay evidence about statements one of the victims made to her mother and a forensic interviewer, (iv) the trial court erred in overruling an objection to a cross-examination question posed to a character witness, and (v) the trial court erred in excluding Tidwell's proffered evidence that one of the victims had been having sex with her boyfriend, which would have explained the State's evidence that that victim's hymen had been penetrated. Because the last argument has merit, we reverse Tidwell's conviction on all counts, as the improperly excluded evidence tainted the entire trial.

Construed in favor of the verdict, *Davis v. State*,[3] the evidence shows that Tidwell allowed a financially strapped family with two daughters (a 13-year-old and a 15-year-old) to live with him in his residence for a period of eight months. During this period, when the parents were away or asleep, Tidwell would often invite one of the daughters into his room, where he (i) fondled the breasts of the 13-year-old and had her fondle his private part, (ii) repeatedly forced each girl to perform oral sex on him, and (iii) on five occasions had vaginal intercourse with the 15-year-old. He threatened to evict the girls' family if either reported the molestations. Soon after the family moved out, the girls reported the molestations to their mother and then to a forensic interviewer.

Tidwell was indicted on two counts of aggravated child molestation (oral sex from each girl) and on three counts of child molestation (his having the 13-year-old touch his private part, his touching her breasts, and his having intercourse with the 15-year-old). In addition to the testimony from the two girls, from their mother, and from the forensic interviewer, the State presented the testimony from an examining nurse, who testified that the 15-year-old's vaginal hymen had scar tissue indicating penetration and that the 13-year-old's hymen did not. The court denied Tidwell's efforts to present evidence that the 15-year-old's boyfriend had been having sex with her

---

[1] OCGA § 16-6-4 (c).

[2] OCGA § 16-6-4 (a).

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

308

and had therefore caused the penetration injury. A jury found Tidwell guilty on all counts, resulting in two consecutive life sentences on the aggravated child molestation counts followed by three consecutive twenty-year sentences on the child molestation counts. This appeal followed the denial of his motion for new trial.

1. Tidwell complains that the State made several improper remarks in its closing argument. As Tidwell concedes, however, he made no objection to these remarks. "The failure to object to the [S]tate's closing argument waived [Tidwell's] right to rely on the alleged improprieties as a basis for reversible trial court error." *Santibanez v. State*.[4] See *Nguyen v. State*.[5]

Tidwell argues that OCGA § 17-8-75 requires a judge sua sponte to prevent counsel from making improper arguments. "The statute, however, only requires the judge to act where counsel makes a timely objection. In this case, [Tidwell] did not object." (Citation and punctuation omitted.) *Henderson v. State*.[6]

Tidwell argues further that we should review the alleged errors under the "plain error" doctrine. However, "[i]t is now well settled that the defendant's failure to object at trial regarding improper comments during closing arguments of a nondeath penalty case precludes this [C]ourt's consideration of alleged errors, even under the plain error doctrine." *Hernandez v. State*.[7] See *Mullins v. State*[8] ("[i]n the appeal of a non-capital case in either appellate court, the defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal") (emphasis supplied); *Cochran v. State*[9] ("our Supreme Court has limited application of the 'plain error' doctrine to capital cases and to criminal cases in which the trial judge allegedly intimates an opinion of the defendant's guilt, in violation of OCGA § 17-8-57") (footnote omitted).

2. Tidwell contends that the trial court erred in forwarding to him none of the county's confidential file documents (from the Department of Family and Children Services ("DFCS")) regarding the two girls, which documents the court reviewed in camera and determined were irrelevant and contained no exculpatory evidence. Tidwell reasons that because DFCS had investigated the matter and had conducted interviews of some of the witnesses, he was entitled to the notes of those interviews.

[4] *Santibanez v. State*, 301 Ga. App. 121, 129 (4) (686 SE2d 884) (2009).

[5] *Nguyen v. State*, 296 Ga. App. 853, 855 (1) (676 SE2d 246) (2009).

[6] *Henderson v. State*, 285 Ga. 240, 245 (6) (675 SE2d 28) (2009).

[7] *Hernandez v. State*, 297 Ga. App. 177, 180 (4) (676 SE2d 795) (2009).

[8] *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

[9] *Cochran v. State*, 277 Ga. App. 251, 255 (2) (626 SE2d 217) (2006).

As conceded by Tidwell, such records concerning reports of child abuse are protected by law as confidential and may not be disclosed to defendants such as himself unless the procedure set forth in OCGA § 49-5-41 (a) (2) is followed and the required determinations by the trial court are made.

> The proper procedure for obtaining access to such records in cases such as the one at bar is to petition the trial court to subpoena the records and conduct an in camera inspection as to whether the records are necessary for determination of an issue before the court and are otherwise admissible under the rules of evidence.

*Davidson v. State.*[10]

After Tidwell made the proper motion, the trial court here reviewed the files in camera and announced orally that none of the documents were relevant; the court further stated in its written order that they contained no exculpatory evidence. Ignoring the oral statement by the court, Tidwell first complains that the court failed to address the relevancy of the documents and that its sole finding that nothing was exculpatory was insufficient. Setting aside Tidwell's factual oversight, we first hold that the finding that the files contained no exculpatory evidence was alone sufficient. See, e.g., *Honeycutt v. State;*[11] *Campbell v. State.*[12]

We further hold that "[a] defendant who challenges a trial court's in camera inspection on appeal must show what information was suppressed and how it is materially exculpatory." *Dodd v. State.*[13] See *Head v. Stripling*[14] ("[i]f the trial court performs an in camera inspection and denies the defendant access to certain information, on appeal the appellant has the burden of showing both the materiality and the favorable nature of the evidence sought") (punctuation omitted). Because Tidwell has made no showing that the material was exculpatory, this enumeration is without merit. See *Dempsey v. State.*[15]

3. Tidwell next claims that the trial court erred in admitting the hearsay statements made by the 15-year-old to her mother and to the

---

[10] *Davidson v. State*, 183 Ga. App. 557, 559 (4) (b) (359 SE2d 372) (1987).

[11] *Honeycutt v. State*, 245 Ga. App. 819, 820 (2) (538 SE2d 870) (2000).

[12] *Campbell v. State*, 221 Ga. App. 135, 136 (470 SE2d 524) (1996).

[13] *Dodd v. State*, 293 Ga. App. 816, 821 (4) (668 SE2d 311) (2008).

[14] *Head v. Stripling*, 277 Ga. 403, 407 (1) (590 SE2d 122) (2003).

[15] *Dempsey v. State*, 279 Ga. 546, 548-549 (3) (615 SE2d 522) (2005).

forensic interviewer.[16] However, the 15-year-old testified at trial and was available for cross-examination. "As long as the declarant testifies at trial and is available for cross-examination by the defendant, the purpose behind the hearsay rule is satisfied with regard to [her] declarations." *Conley v. State*.[17] See *Davis v. State*[18] ("our Supreme Court has noted that the modern trend regarding hearsay evidence is to allow the out-of-court declaration where the declarant is present and may be cross-examined") (punctuation omitted). See also *Quintanilla v. State*;[19] *Faircloth v. State*.[20]

4. Tidwell argues that the trial court erred in overruling his nonspecific objection to the State's cross-examination question posed to one of Tidwell's character witnesses as to whether that witness was present when Tidwell molested the girls. Setting aside Tidwell's failure to specify a basis for his objection (see *Franklin v. State*[21]), we hold that this inquiry of the character witness was not improper in that "[t]he State's questions about specific incidents were asked in good faith and based upon reliable information and admissible evidence." *Watson v. State*.[22] See *Lee v. State*;[23] *State v. Clark*.[24] Even where the question pertains to the very crime for which the defendant is being tried, such a question of a character witness is permissible. See *Franklin*, supra, 230 Ga. at 292 (1).

5. Tidwell argues that the trial court erred in denying his motion to admit evidence that the 15-year-old had been having sex with her boyfriend, which evidence would have shown that someone other than Tidwell had caused the penetration injuries to the 15-year-old's hymen. Tidwell also wanted to show that the 15-year-old had told the forensic interviewer that she had never had sex with anyone other than Tidwell, and that the evidence of her sexual relationship with her boyfriend demonstrated this was a lie.

The latter argument — that Tidwell wanted to use the sexual relationship with the boyfriend to impeach the 15-year-old — fails for the simple reason that the State did not introduce the 15-year-old's statement to the forensic interviewer regarding her lack of any other sexual encounters. Thus, there was nothing to impeach. "[S]he offered no such testimony, nor was her purported statement to the

---

[16] Because the victim was 15 years old, the Child Hearsay Statute did not apply. See OCGA § 24-3-16.

[17] *Conley v. State*, 257 Ga. App. 563, 564 (1) (571 SE2d 554) (2002).

[18] *Davis v. State*, 281 Ga. App. 855, 863 (7) (637 SE2d 431) (2006).

[19] *Quintanilla v. State*, 273 Ga. 20, 23 (3) (a) (537 SE2d 352) (2000).

[20] *Faircloth v. State*, 253 Ga. 67, 69 (3) (316 SE2d 457) (1984).

[21] *Franklin v. State*, 230 Ga. 291, 292 (1) (196 SE2d 845) (1973).

[22] *Watson v. State*, 278 Ga. 763, 770 (9) (604 SE2d 804) (2004).

[23] *Lee v. State*, 270 Ga. 626, 627-628 (3) (513 SE2d 225) (1999).

[24] *State v. Clark*, 258 Ga. 464, 464 (369 SE2d 900) (1988).

[forensic interviewer] to that effect ever brought to the jury's attention." *Jones v. State*.[25] "Had the victim in fact represented *at trial* that she was a virgin prior to her encounter with defendant, evidence of her prior sexual activity would have been admissible for impeachment." (Emphasis supplied.) Id. Without such testimony by the 15-year-old, the trial court did not err in rejecting Tidwell's impeachment argument as a violation of the Rape Shield Statute (OCGA § 24-2-3 (a)). See *Fetterolf v. State*.[26]

The argument that the sexual relationship with the boyfriend gave an alternate explanation for the damaged hymen, however, does have merit. The trial court held that this evidence violated the Rape Shield Statute; we disagree and hold that the trial court abused its discretion in excluding the evidence. See *Mooney v. State*[27] ("[t]his [C]ourt reviews a trial court's exclusion of evidence under the Rape Shield Statute for abuse of discretion").

There is no doubt that the Rape Shield Statute excludes evidence relating to the past sexual behavior of the complaining witness, but "[e]xceptions to the law have been made ... when evidence of the victim's sexual activity is relevant to an issue other than consent." *Warner v. State*.[28] See *Payne v. State*[29] ("although the victim's viewing of the pornographic movie was part of her sexual history or behavior and thus irrelevant under the [R]ape [S]hield [S]tatute and Georgia case law to show her nonchastity or preoccupation with sex, *it had relevance for another purpose in this case*") (emphasis supplied); *Chambers v. State*.[30]

Last year, *Purvis v. State*[31] reiterated some of the recognized exceptions:

> OCGA § 24-2-3 (b) — applicable in child molestation cases — excludes evidence relating to the past sexual behavior of the complaining witness with some limited exceptions, including: "(a) to show that someone other than the defendant caused the injuries to the child; (b) to show lack of victim credibility if the victim's prior allegations of molestation were false; and (c) to show other possible causes for the symptoms exhibited."

---

[25] *Jones v. State*, 190 Ga. App. 416, 417 (1) (379 SE2d 189) (1989).

[26] *Fetterolf v. State*, 223 Ga. App. 744, 747-748 (7) (478 SE2d 889) (1996).

[27] *Mooney v. State*, 266 Ga. App. 587, 592 (4) (597 SE2d 589) (2004).

[28] *Warner v. State*, 277 Ga. App. 421, 424 (2) (626 SE2d 620) (2006).

[29] *Payne v. State*, 267 Ga. App. 498, 501 (1) (600 SE2d 422) (2004).

[30] *Chambers v. State*, 205 Ga. App. 78, 80-81 (4) (421 SE2d 326) (1992).

[31] *Purvis v. State*, 301 Ga. App. 648, 652 (2) (c) (689 SE2d 53) (2009).

See *Taylor v. State*.[32] *Williams v. State*[33] expanded on the first listed exception:

> Where . . . evidence of sexual activity between the victim and persons other than the defendant has been relevant on some issue other than consent, we have allowed its admission by creating exceptions to the Rape Shield Statute when the State introduces medical evidence which indicates that the child has been sexually abused. . . . The purpose of [this] exception[ ] is to permit evidence that the victim's medical . . . symptoms were caused by someone else other than the defendant.

(Punctuation omitted.) See *Lemacks v. State*[34] (conviction reversed where defendant not allowed to introduce evidence of prior molestations of victim so as to show someone other than defendant penetrated the victim and caused the vaginal and anal injuries shown by the State's evidence).

This first exception clearly applies to the case at bar. Tidwell sought to introduce evidence (admissions by the 15-year-old on an Internet social networking site) that she had been having sex with her boyfriend, which evidence would provide an alternate explanation why the 15-year-old's hymen had been penetrated. See *Wand v. State*[35] ("prior molestation evidence is admissible to explain the medical evidence showing repeated penetration of the victim's anus and vagina"). Absent the evidence of the sexual relationship with the boyfriend, the obvious inference was that Tidwell had caused the penetration injuries. Indeed, the State hammered this very point home when during its closing argument, it urged to the jury *four times* that the physical evidence of penetration injury to the 15-year-old's hymen corroborated her testimony of sexual intercourse with Tidwell, and even went so far as to say that the lack of penetration to the 13-year-old's hymen was entirely consistent with her testimony also. The State went on to note that this corroborating physical evidence gave the jury reason to find that all of the testimony given by both girls was truthful, and that therefore Tidwell should be convicted on all counts. With his hands tied by the exclusion of the evidence regarding the 15-year-old's sexual relationship with her boyfriend, Tidwell was not allowed to present an

---

[32] *Taylor v. State*, 268 Ga. App. 333, 334 (2) (601 SE2d 815) (2004).

[33] *Williams v. State*, 263 Ga. App. 597, 599 (1) (588 SE2d 790) (2003).

[34] *Lemacks v. State*, 207 Ga. App. 160, 161 (427 SE2d 536) (1993).

[35] *Wand v. State*, 230 Ga. App. 460, 464 (2) (f) (496 SE2d 771) (1998) (physical precedent only).

effective defense as to these points. Reversal of the convictions on all counts is required. See *Lemacks*, supra, 207 Ga. App. at 161; *Chambers*, supra, 205 Ga. App. at 82 (4).

In this regard, we emphasize that this result is necessitated by the State's decision to present evidence of the penetration damage to the 15-year-old's hymen. It was the State's affirmative act of "opening the door" to this area that required the trial court to allow Tidwell to present evidence that someone other than himself caused the injury. See *Mitchell v. State*[36] (the State's bringing up the victim's sexually transmitted disease on direct examination of the victim opened the door for the defendant to go into the victim's sexual history); *Reece v. State*[37] (because the State "calculatedly injected" the victim's vaginal disease into the trial, the trial court should have allowed the defendant to show someone other than himself gave her this disease) (punctuation omitted). This distinguishes *Snow v. State*,[38] where there is no discussion that the State opened the door on the matter.

The trial court should have granted Tidwell's motion for new trial as to all counts. We accordingly reverse.

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

### DECIDED OCTOBER 1, 2010.

*Walker L. Chandler*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.

---

[36] *Mitchell v. State*, 287 Ga. App. 517, 517-518 (651 SE2d 821) (2007).

[37] *Reece v. State*, 192 Ga. App. 14, 15-16 (383 SE2d 572) (1989).

[38] *Snow v. State*, 228 Ga. App. 649, 652 (5) (492 SE2d 564) (1997).

