**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 26, 2012**

# In the Court of Appeals of Georgia

A12A1011. HUTCHINSON v. THE STATE.

RAY, Judge.

Following a jury trial, Joseph Hutchinson was convicted of one count of armed robbery[1] and two counts of aggravated assault.[2] Hutchinson appeals his conviction and the denial of his motion for new trial, contending (1) that the trial court erred when it allowed the victim to testify about an alleged burglary that occurred the morning after he was attacked, and (2) that the trial court erred when it allowed the State to urge the jury during closing argument to draw a reasonable inference between the incident in question at trial and the subsequent burglary of the victim's office. For the reasons that follow, we affirm.

---

[1] OCGA § 16-8-41(a).

[2] OCGA § 16-5-21(a).

Viewed in the light most favorable to the jury's verdict,[3] the evidence shows that the victim, Chike Chime, became involved in a romantic relationship with Navara Price. Price was having a lot of financial difficulties at the time, so Chime provided various forms of financial assistance to her, including hiring her as an employee at his insurance business and allowing her to move in with him. Their relationship, however, became strained when she began staying away from home and not reporting to work. When Chime discovered that Price was "hanging out" with Hutchinson, Chime terminated her employment on March 2, 2008, and asked her to move out of his residence on March 3, 2008. During the next few days Price called Chime numerous times asking for money. Eventually, at Price's request, Chime agreed to meet Price at a hotel.

On March 7, 2008, Chime and Price were together at the hotel when Hutchinson burst into their hotel room and attacked Chime by stabbing him with a screwdriver. Hutchinson told Price to grab Chime's wallet and keys, which she did, and Hutchinson and Price left the room together.

---

[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

The next morning, after he was treated for his injuries and released from the hospital, Chime went to his office and discovered that it had been burglarized. As there were no signs of forced entry, it appears that the office had been burglarized by someone who used the key to gain entry. The only items taken from the office were two safe deposit boxes containing business credit cards, checks, passports, and various personal items. The boxes had been stored in a location that would not have been known to the general public. As a former employee, Price was familiar with the financial transactions of the business and with the location where the business credit cards and checks were kept.

At trial, the State sought to introduce Chime's testimony regarding the subsequent burglary of his business. The defense objected to the testimony on the basis of relevance. The State argued that Chime's business keys had been stolen during the armed robbery and that the subsequent burglary of his business was relevant to show Hutchinson's motive for the armed robbery and aggravated assault. Without further inquiry into the matter, the trial court overruled the objection.

1. Although Hutchinson does not challenge the sufficiency of the evidence, we conclude that the evidence was sufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt of the crimes for which he was convicted.[4]

2. Hutchinson argues that the trial court erred when it allowed Chime to testify at trial about the burglary that occurred at his office the day after he was attacked. Specifically, Hutchinson argues that such testimony was more prejudicial than probative because he was never charged with that crime and because the burglary was unrelated to crimes at issue in the present case.[5]

Here, the State sought to introduce evidence of the burglary to show Hutchinson's motive for the armed robbery and aggravated assault.

---

[4] *Jackson v. Virginia,* supra.

[5] There is nothing in the record to indicate that the State had provided Hutchinson with written notice of its intent to present evidence of the independent offense or act, that the trial court conducted a hearing regarding the admissibility of this evidence outside the presence of the jury, or that the trial court made the required findings before allowing the evidence pursuant to Uniform Superior Court Rule 31.3 (B). However, we are precluded from considering these issues because of Hutchinson's total failure to object at trial and his total failure to enumerate this as error on appeal. See *Ross v. State*, 210 Ga. App. 455, 457-458 (2) (436 SE2d 496 (1993) (the failure to object at trial that the State did not give the defendant notice of intent to introduce similar transaction evidence, or that a hearing under USCR 31.3 (B) was not held, or that the trial court did not make the required findings before admitting the evidence, coupled with the failure to raise these issues on appeal, precludes appellate review of these issues).

[T]he issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. A logical connection between separate crimes is established where proof of the independent crime tends to establish identity, bent of mind, or intent in the commission of the crime for which the defendant is on trial.[6]

However, pretermitting whether the evidence had a logical connection with and was relevant to the crimes charged,[7] we conclude that any error in its admission was harmless.[8] As detailed above, Chime knew Hutchinson and was able to identify him as his attacker. Chime testified that Hutchinson burst into his hotel room and attacked

---

[6] (Citations and punctuation omitted.) *Lewis v. State*, 234 Ga. App. 873, 876 (3) (508 SE2d 218) (1998).

[7] *Jones v. State*, 226 Ga. App. 721, 723 (1) (487 SE2d 618) (1997) ("Similar transaction evidence can be introduced to prove [motive] when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense") (citation omitted).

[8] See, e.g., *Vaughan v. State*, 251 Ga. App. 221, 223 (2) (553 SE2d 335) (2001) ("[T]he erroneous admission of similar transaction evidence may be harmless if there is such overwhelming evidence of the defendant's guilt that it is highly probable that the error did not contribute to the guilty verdict") .

him with a screwdriver, stabbing him three times. Chime further testified that Hutchinson and Price stole his wallet and keys. Price generally corroborated Chime's account of the incident, testifying that Hutchinson came into the hotel room and fought with the Chime, and that Chime was bleeding from injuries he sustained in the attack. The police officer who responded to the incident, Officer M.J. Fuldali, testified that Chime was bleeding from multiple lacerations and cuts on his head. The officer further testified that there was blood and blood spatter all over the hotel room consistent with signs of a struggle. Given this overwhelming evidence, it is highly unlikely that the admission of the testimony concerning the subsequent burglary contributed to the verdict in this case, even if it was erroneous to allow such evidence.

3. Hutchinson argues that the prosecutor made improper remarks during closing argument suggesting Hutchinson's possible involvement in the subsequent burglary of the victim's business office. Hutchinson contends that the remarks were inherently prejudicial and that the trial court erred in not declaring a mistrial.

Hutchinson argues that OCGA § 17-8-75 requires the trial court to interpose and prevent counsel from making statements to the jury regarding prejudicial matters not in evidence. However, Hutchinson did not object to these remarks at trial, and OCGA § 17-8-75 does not require a judge sua sponte to prevent counsel from making

6

improper arguments. Rather, the judge is only required to act where counsel makes a timely objection.[9] By failing to object to the State's closing argument, Hutchinson waived his right to rely on the alleged improprieties as a basis for reversible error.[10]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[9] *Tidwell v. State*, 306 Ga. App. 307, 308 (1) (701 SE2d 920) (2010); *Henderson v. State*, 285 Ga. 240, 245 (6) (675 SE2d 28) (2009).

[10] *Tidwell,* supra.; *Santibanez v. State*, 301 Ga. App. 121, 129 (4) (686 SE2d 884) (2009).